07-4966-cr
*United States v. Owen*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term 2008

(Argued: December 10, 2008                    Decided: January 9, 2009)

Docket No. 07-4966-cr

UNITED STATES OF AMERICA,

  *Appellee*,

  -v.-

LANCE EDGAR OWEN,

  *Defendant-Appellant*,

PAUL SAMUELS, also known as Pablo, and
MARK BAROODY,

  *Defendants*.

Before: FEINBERG, CABRANES, and HALL, *Circuit Judges*.

  Defendant Lance Edgar Owen appeals from a judgment of conviction, entered on November 29, 2005 by the United States District Court for the Southern District of New York (Robert P. Patterson, *Judge*), on two counts of distribution and possession of marijuana and conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B). On direct appeal, defendant presents claims of ineffective assistance of counsel, prosecutorial misconduct, and insufficient evidence. Because the issues raised on defendant's Rule 33 motion remain before the District Court, we must hold this appeal in abeyance pending the District Court's resolution of that motion.

    MICHAEL W. MARTIN (James A. Cohen, *on the brief*) Lincoln Square Legal Services, Inc., New York, NY, *for Defendant-Appellant*.

1

ANDREW J. FISH, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, and William J. Harrington, Assistant United States Attorney, *on the brief*), Office of the United States Attorney for the Southern District of New York, New York, NY, *for Appellee.*

JOSÉ A. CABRANES, *Circuit Judge*:

We consider procedural questions arising from the relatively common phenomenon of new appellate counsel replacing trial counsel while certain motions remain pending in the trial court. In this case, defendant Lance Edgar Owen appeals from a judgment of conviction, entered on November 29, 2005 by the United States District Court for the Southern District of New York (Robert P. Patterson, *Judge*), on two counts of distribution and possession of marijuana and conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and 846, and sentencing Owen principally to 60 months' incarceration. However, on February 3, 2006, the District Court granted Owen a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure on the basis of newly discovered evidence, and Owen was released on bond soon thereafter. Owen remains released on bond today. One week after ordering a new trial, the District Court appointed new counsel pursuant to the Criminal Justice Act. *See* 18 U.S.C. § 3006A(c) ("The United States magistrate judge or the court may, in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings.").

The government appealed the Rule 33 order granting a new trial. Another panel of our Court reversed because the evidence in question—an allegedly exculpatory statement made at sentencing by co-defendant Paul Samuels—was not, by definition, "newly discovered."[1] *United States v. Owen*, 500

---

[1] Specifically, Samuels stated, "I know Mr. Owen for a long time. Your Honor, I hired him for a job, and that's about it. He didn't know anything about drugs. Mr. Owen has been a good friend and good brother to me, Your Honor. Maybe I was wrong not to take the stand—maybe he was wrong not to take the stand, but he didn't have anything to do with it, Your Honor. I told the prosecutor that when I went in. I told him Mr. Owen was innocent when I first went in, when I did my proffer agreement. I told him Mr. Owen didn't have anything to do with it." (Tr. of Sentencing Hearing, Nov. 21, 2005, 87:2-11.)

F.3d 83, 89-90 (2d Cir. 2007). Our opinion noted in a footnote, however, that the absence of a motion to sever Owen's trial from Samuels' trial "manifest[s] a lack of diligence [on trial counsel's part] in procuring the admission of Samuels' testimony." *Id.* at 91 n.5. A full description of the underlying facts and procedural history of this case is contained in our earlier opinion. *See id.* at 84-87.[2]

Although the District Court based its Rule 33 decision solely on newly discovered evidence, Owen's handwritten Rule 33 motion for a new trial—submitted *pro se* before the assignment of new counsel—also relied on alternate grounds, including ineffective assistance of counsel. After our Court filed its opinion but before the issuance of the mandate, the District Court held a preliminary hearing on September 20, 2007 regarding the other grounds for relief pressed in Owen's Rule 33 motion—namely, ineffective assistance of counsel—and on his new claim of prosecutorial misconduct.[3] The Court ordered additional briefing on those claims. According to a revised briefing schedule, which the District Court docketed on October 10, 2007, Owen was required to submit a brief by October 25, and the government was required to respond by November 8.

On October 31, 2007, after Owen submitted his brief and before the government responded, the mandate from the Court of Appeals was entered in the District Court. In an effort to preserve his right to appeal the November 29, 2005 judgment of conviction, Owen filed a "protective" notice of appeal on November 5, 2007, which interrupted the District Court's briefing schedule. *See* Fed. R. App. P. 4(b)(1)(A)(i) (requiring a criminal defendant to file a notice of appeal in the district court within

---

[2] We did not, in our decretal statement, "remand" this case for a particular, prescribed purpose. *See United States v. Owen*, 500 F.3d 83, 92 (2d Cir. 2007). In a footnote, however, we addressed the resolution of Owen's *Brady* claim on remand. *See id.* at 91 n.4 ("We do not, however, preclude the parties from pursuing the matter, which, as noted, is factually disputed, on remand to the district court."). The logic of resolving Owen's disputed *Brady* claim applies to his disputed *Strickland* claim with equal force.

[3] Owen's claim of prosecutorial misconduct is not mentioned in his handwritten Rule 33 motion, but was added by his new attorneys. In essence, "Owen asserts that the Government's alleged failure to inform Owen that Samuels exculpated him . . . might also have violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963)." *Owen*, 500 F.3d at 91 n.4.

3

10 days of the entry of judgment).[4] Owen's appellate counsel also submitted a declaration, dated November 5, 2007, in support of a motion to remand the matter to the District Court so that the proceedings could resume and the District Court could hold a previously-scheduled hearing set for November 19. Owen did not request that this Court hold his appeal in abeyance pending the resolution of the proceedings in the District Court. The government submitted an affirmation in opposition to this motion on November 20, 2007, arguing that Owen's collateral attacks on the judgment could and should be resolved on direct appeal without additional fact-finding, or, in the alternative, should be brought in a habeas corpus proceeding pursuant to 28 U.S.C. § 2255. Neither the submissions from Owen nor the submission from the government indicated that the interrupted proceedings in the District Court arose from Owen's Rule 33 motion. A motions panel of our Court denied Owen's motion to remand in an order docketed on February 5, 2008, and the parties proceeded to submit briefs on the merits of the appeal.

Upon our review of the briefs and the record on appeal, we conclude that Owen's November 5, 2007 notice of appeal has not yet become effective. When the mandate of this Court issued on October 31, 2007, the District Court's jurisdiction over the remaining claims in Owen's Rule 33 motion was officially restored. *See United States v. Rivera*, 844 F.2d 916, 921 (2d Cir. 1988) ("Simply put, jurisdiction follows the mandate."); *Ostrer v. United States*, 584 F.2d 594, 598 (2d Cir. 1978) ("The effect of the mandate is to bring the proceedings in a case on appeal in our Court to a close and to remove it from the jurisdiction of this Court, returning it to the forum whence it came."). When Owen filed his "protective" notice of appeal on November 5, 2007, the remaining claims in Owen's Rule 33 motion

---

[4] In an attorney affirmation to this Court dated November 5, 2007 and in a letter to the District Court dated November 16, 2007, Owen's appellate counsel stated his belief that Owen was required to file this appeal after the mandate was docketed in order to preserve his right to appeal. In light of our holding that Owen's Rule 33 motion was pending before the District Court at that time, there was, technically, no need to file a notice of appeal at that time. *See* Fed. R. App. P. 4(b)(3)(B) ("A notice of appeal filed after the court announces a decision, sentence, or order—but before it disposes of any of the motions referred to in Rule 4(b)(3)(A) [including a Rule 33 motion]—becomes effective upon the later of the following: (i) the entry of the order disposing of the last such remaining motion; or (ii) the entry of the judgment of conviction."). We do not doubt, however, the good faith of Owen's appellate counsel in filing a "protective" notice of appeal.

4

remained pending in the District Court.

Pursuant to Rule 4(b)(3)(B) of the Federal Rules of Appellate Procedure,

[a] notice of appeal filed after the [district] court announces a decision, sentence, or order—but before it disposes of [a motion for a new trial under Rule 33]—becomes effective upon the later of the following: (i) the entry of the order disposing of the last such remaining motion; or (ii) the entry of the judgment of conviction.

Where, as here, the District Court's order that granted a Rule 33 motion on one of the grounds presented has been vacated solely on that ground—and the other grounds have not been addressed—a notice of appeal is not "effective." Our prior decision cannot be construed as having "disposed" of Owen's Rule 33 motion because, while we reversed the District Court's grant of that motion, we did so only insofar as it was based on newly discovered evidence. Like the District Court, we did not reach the other grounds for relief pressed by Owen. Indeed, we clarified in our opinion that "we do not . . . preclude the parties from pursuing [a *Brady* claim] . . . on remand to the district court." *United States v. Owen*, 500 F.3d 83, 91 n.4 (2d Cir. 2007). Our opinion did not, however, provide any guidance to the District Court as to how it should proceed on remand. After our decision, counsel for Owen returned to the District Court and requested a briefing schedule "to flesh out the remaining issues in Mr. Owen's motion." The District Court granted that request and established a briefing schedule as set forth above. We conclude from this sequence of events that the issues raised by Owen in his Rule 33 motion, as well as the *Brady* claim, are still before the District Court—interrupted only by our denial of Owen's motion to remand and subsequent consideration of this appeal.

In the normal course, a "protective" notice of appeal should be held in abeyance pending the resolution of a Rule 33 motion by the District Court.[5] *See, e.g.*, *In re Terrorist Bombings of U.S. Embassies in E. Afr.*, __ F.3d __, No. 01-1535-cr (L), 2008 U.S. App. LEXIS 24057, at *6 n.3 (2d Cir. Nov. 24, 2008) ("[T]he defendants moved, in the District Court, for a new trial based on newly disclosed

---

[5] The same rule applies to a motion for (1) a judgment of acquittal under Rule 29 and (2) arrest of judgment under Rule 34. *See* Fed. R. App. P. R. 4(b)(3)(A).

5

evidence. The District Court conducted evidentiary hearings on this motion, and we held the appeals in abeyance pending the District Court's resolution of the motion." (internal citation omitted)); *United States v. Jackson*, 950 F.2d 633, 635 (10th Cir. 1991) ("[W]hen a defendant files a motion that tolls the time for appeal, the motion holds the notice of appeal in abeyance and the notice becomes effective upon the disposition of the motion.") (construing earlier version of Rule 4 (footnote omitted)). The appeal will then "become[ ] effective upon . . . the entry of the order disposing of the last . . . remaining motion," Fed R. App. P. 4(b)(3)(B)(i), including a motion "for a new trial under Rule 33," Fed R. App. P. 4(b)(3)(A)(ii).

We see no basis to deviate from that practice here. As the interrupted proceedings in the District Court make clear, the claims pressed in Owen's Rule 33 motion were not fully resolved by the District Court—or by our Court in the decision vacating the District Court's grant of a new trial—at the time we heard this appeal. We therefore hold this appeal in abeyance so that the District Court may conduct whatever proceedings are necessary to resolve Owen's Rule 33 motion. Upon the District Court's resolution of that motion, Owen's notice of appeal will become effective and the proceedings in this Court may commence promptly upon the filing of a letter to the Clerk of our Court notifying the Clerk of the conclusion of the post-judgment proceedings in the District Court. Any such appeal shall then be assigned to a panel of our Court in the normal course.

Finally, nothing in this opinion should be read to criticize the practice of filing a "protective" notice of appeal, the diligent work of the District Court, or Owen's new counsel. To the contrary, a "protective" notice of appeal is a useful litigation tool where, as here, the timeliness of a subsequent appeal could be called into question. In addition, we commend the District Court's efforts to move ahead posthaste—efficiently scheduling a briefing schedule to resolve the remaining Rule 33 claims. We also commend the work of Lincoln Square Legal Services, Inc., who filed the "protective" notice of appeal, and express our thanks to them for their representation pursuant to the Criminal Justice Act.