07-4966-cr
United States v. Owen

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term 2008

(Argued: December 10, 2008                    Petition for Rehearing Decided: March 9, 2009)

Docket No. 07-4966-cr

UNITED STATES OF AMERICA,

   *Appellee*,

   -v.-

LANCE EDGAR OWEN,

   *Defendant-Appellant*,

PAUL SAMUELS, also known as Pablo, and
MARK BAROODY,

   *Defendants*.

Before: FEINBERG, CABRANES, and HALL, *Circuit Judges*.

   The United States petitions this Court for a panel rehearing on the issue of whether defendant

Lance Edgar Owen's motion for a new trial, which remains pending in the United States District Court

for the Southern District of New York (Robert P. Patterson, *Judge*), was timely under Rule 33(b)(2) of

the Federal Rules of Criminal Procedure. Without deciding the timeliness of Owen's motion for a new

trial, we deny the petition.

   Denied.

        William J. Harrington, Assistant United States Attorney (Lev L.
          Dassin, Acting United States Attorney for the Southern
          District of New York, and Andrew L. Fish, Assistant
          United States Attorney, *on the brief*), Office of the United
          States Attorney for the Southern District of New York,
          New York, NY, *for appellee*.

        Michael W. Martin (James A. Cohen, *on the brief*) Lincoln Square
          Legal Services, Inc., New York, NY, *for
          Defendant-Appellant*.

**OPINION AND ORDER DENYING PETITION FOR PANEL REHEARING**

JOSÉ A. CABRANES, *Circuit Judge*:

In an opinion filed on January 9, 2009, *United States v. Owen*, 553 F.3d __, No. 07-4966-cr, 2009 U.S. App. LEXIS 192 (2d Cir. Jan. 9, 2009) ("*Owen II*"), we held that a protective notice of appeal filed by defendant Lance Edgar Owen was not "effective," Fed. R. App. P. 4(b)(3)(B),[1] because the same claims on appeal had also been raised in a motion for a new trial, filed pursuant to Rule 33 of the Federal Rules of Criminal Procedure, that was still pending before the United States District Court for the Southern District of New York (Robert P. Patterson, *Judge*). *See Owen II*, 553 F.3d at __, 2009 U.S. App. LEXIS 192, at *10-11. We stated that we would "hold this appeal in abeyance so that the District Court may conduct whatever proceedings are necessary to resolve Owen's Rule 33 motion," and that the appeal would be "effective" within the meaning of Rule 4(b)(3)(B) when the District Court concluded its post-judgment proceedings. *Id.* at *11. We assume a familiarity with the underlying facts and procedural history of this case as presented in that decision. *See also United States v. Owen*, 500 F.3d 83, 84-87 (2d Cir. 2007) ("*Owen I*") (explaining the underlying investigation and prosecution).

On January 23, 2009, the government filed a petition for panel rehearing of our January 9, 2009 decision pursuant to Rule 40 of the Federal Rules of Appellate Procedure. The government argues that the underlying Rule 33 motion in the District Court was untimely, and that Rule 4(b)(3)(B) only tolls the effective date of an appeal for a "timely motion . . . for a new trial under Rule 33," Fed. R. App. P. 4(b)(3)(a)(ii).[2] Specifically, the government notes that Owen's handwritten, *pro se* motion was filed on

---

[1] Rule 4(b)(3)(B) of the Federal Rules of Appellate Procedure states:

A notice of appeal filed after the [district] court announces a decision, sentence, or order—but before it disposes of any of the motions referred to in Rule 4(b)(3)(A)—becomes effective upon the later of the following: (i) the entry of the order disposing of the last such remaining motion; or (ii) the entry of the judgment of conviction.

[2] Rule 4(b)(3)(A) of the Federal Rules of Appellate Procedure states, in relevant part:

If a defendant timely makes any of the following motions under the Federal Rules of Criminal Procedure, the notice of appeal from a judgment of conviction must be filed within 10 days after the entry of the order

December 1, 2005—279 days after the February 25, 2005 verdict. However, Rule 33(b)(2) only permits motions for new trials on grounds other than newly discovered evidence "within 7 days after the verdict." Fed. R. Crim. P. 33(b)(2). Accordingly, the government requests that we reconsider our January 9, 2009 decision and rule on the issue of timeliness. The government further argues that if we were to affirm the judgment of conviction, we would permit Owen to raise his arguments on collateral review, which the government argues would be "preferable to the current posture, where the District Court is faced with resolving claims in an untimely Rule 33 motion." Gov't Pet. 3.

The government concedes in its petition that it has not previously raised the untimeliness argument in this appeal. Nonetheless, the underlying point is a critical one. The tolling provision of Rule 4(b)(3)(B) of the Federal Rules of Appellate Procedure only applies where the notice of appeal is filed "before [a district court] disposes of any of the motions referred to in Rule 4(b)(3)(A)," and Rule 4(b)(3)(A) only applies to "timely motion[s]" pending before the District Court. We are left with the question of whether Owen's motion for a new trial was "timely." However, for the reasons stated below, we do not resolve this question now.

Although Rule 33 is an "inflexible claim-processing rule," it is not "jurisdictional" and is therefore subject to the time-modification provisions of Rule 45(b) of the Federal Rules of Criminal Procedure.[3] *Eberhart v. United States*, 546 U.S. 12, 13 (2005) (*per curiam*) (explaining that if Rule 33 were "jurisdictional," *i.e.*, created by statute, it would not be subject to waiver or forfeiture and could be

---

disposing of the last such remaining motion, or within 10 days after the entry of the judgment of conviction, whichever period ends later. This provision applies to a timely motion: . . . (ii) for a new trial under Rule 33, but if based on newly discovered evidence, only if the motion is made no later than 10 days after the entry of the judgment . . . ."

[3] Rule 45(b) of the Federal Rules of Criminal Procedure states:

(1) In General. When an act must or may be done within a specified period, the court on its own may extend time, or for good cause may do so on a party's motion made: (A) before the originally prescribed or previously extended time expires; or (B) after the time expires if the party failed to act because of excusable neglect.

(2) Exception. The Court may not extend the time to take any action under Rule 35, except as stated in that rule.

raised for the first time on appeal); *see also United States v. Frias*, 521 F.3d 229, 233 (2d Cir. 2008) (explaining that "jurisdictional" rules are "enacted by Congress," whereas "court-promulgated" rules are not necessarily "jurisdictional" (internal quotation marks omitted)); *United States v. Robinson*, 430 F.3d 537, 541 (2d Cir. 2005) ("The time limitations specified in Rule 33 are read in conjunction with Rule 45, which establishes how to compute and extend time."). As explained in the Advisory Committee Notes to Rule 33,

> Read in conjunction with . . . Rule 45(b), the defendant is . . . required to file a timely motion for a new trial under Rule 33(b)(2) within the seven-day period specified. . . . [However], under Rule 45(b)(1)(B), if for some reason the defendant fails to file the underlying motion for a new trial within the specified time, the court may nonetheless consider that untimely underlying motion if the court determines that the failure to file it on time was the result of excusable neglect.

Fed. R. Crim. P. 33 advisory committee's notes (2005 Amendments).

There is no indication in the record before us that Owen received an extension of time to file his *pro se* Rule 33 motion. Nonetheless, the record shows that the District Court fully intended to decide Owen's *pro se* motion before Owen's new counsel filed a protective notice of appeal. The District Court expeditiously held a hearing and set a briefing schedule on Owen's claims "[a]fter [we] filed [our] opinion but before the issuance of the mandate," *Owen II*, 553 F.3d at __, 2009 U.S. App. LEXIS 192, at *4-5. As the District Court explained, "I, obviously, have to hear the [Rule 33] motion. The motion goes to the conviction and to the ineffective assistance of counsel claim which could result in [a] new trial." Tr. of Proceedings, Sept. 20, 2007, 17:11-13. We conclude that, under these circumstances, where the Rule 33 motion is still pending before the District Court, the District Court is in the best position to decide, in the exercise of its informed discretion, whether Owen's *pro se* motion was timely under Rule 33 and Rule 45(b).

## CONCLUSION

For the foregoing reasons, the government's January 23, 2009 petition for panel rehearing is **DENIED**.

4