**UNITED STATES of America,**
**Appellant No. 08–3859**

v.

**Douglas KENNEDY, Appellant**
**No. 08–3633.**

Nos. 08–3633, 08–3859.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Nov. 17, 2009.

Filed: Dec. 7, 2009.

George S. Leone, Esq., John F. Romano, Esq., Office of United States Attorney, Newark, NJ, for Appellant No. 08–3859.

Michael N. Pedicini, Esq., Morristown, NJ, for Appellant No. 08–3633.

Before: RENDELL, BARRY and CHAGARES, Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Douglas Kennedy appeals following the District Court's grant of his motion for a new trial on four counts of conviction. Kennedy argues that he was entitled to a new trial on all eight counts of conviction, and that joinder of two of the counts in the indictment was improper. The government cross-appeals contending that it was error to grant a new trial on any count.

On November 9, 2004, after conducting surveillance and speaking with a cooperating witness, Drug Enforcement Agency agents arrested Kennedy as he returned to his home in his Lincoln Navigator. Kennedy consented to a search of his residence, the Navigator, and a Cadillac, orally and in writing. Agents searched his residence and found ammunition, firearms, cash, a phone that had been used to communicate with the cooperating witness, and approximately 9 grams of crack cocaine, which Kennedy allegedly admitted was his. Nothing illegal was found in the Cadillac, but a gun and heroin were found in the Navigator. Over a year later, on November 23, 2005, an employee of a private contractor operating a storage facility used by the United States Marshal's Service, found 103.9 grams of heroin and a handgun in a secret compartment in the Cadillac while doing routine maintenance on the car. Previously, the government had searched the Cadillac using drug sniffing dogs and the same employee had conducted routine maintenance on the car numerous times, without finding any contraband.

On May 23, 2006, a Second Superseding Indictment was returned against Kennedy alleging the following counts:

**Count I:** Conspiracy to distribute and possess with intent to distribute a controlled substance, 21 U.S.C. § 846 (in part for drugs found in Cadillac)

**Count II:** Possession with intent to distribute heroin, 21 U.S.C. § 841 and 18 U.S.C. § 2 (drugs found in Navigator)

**Count III:** Possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c) (gun in Navigator)

**Count IV:** Possession with intent to distribute heroin, 21 U.S.C. § 841 and 18 U.S.C. § 2 (drugs in Cadillac)

**Count V:** Possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c) (gun in Cadillac)

**Count VI:** Possession with intent to distribute cocaine base, 21 U.S.C. § 841 and 18 U.S.C. § 2 (crack found at Residence)

**Count VII:** Possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (gun in Navigator)

**Count VIII:** Possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (gun in Cadillac)

On July 28, 2006, Kennedy was found guilty on all eight counts following a four-day jury trial. Numerous law enforcement officers testified about the surveillance, the search of the house and cars, Kennedy's statements to law enforcement, and the contraband found in the Navigator and the Cadillac. Defense counsel attacked the government's initial failure to find the contraband in the Cadillac and the year-long passage of time before it was found in his opening statement, his summation, and during his cross-examination of witnesses.

On October 24, 2006, Kennedy filed a *pro se* motion for new counsel, which the District Court granted on November 2, 2006. On November 15, 2007, Kennedy's new counsel filed a motion for a new trial, arguing that the untimeliness of that motion was due to excusable neglect. The motion for a new trial contended that: 1) trial counsel was ineffective for failing to challenge the admissibility of the evidence found as a result of the search of the Cadillac; 2) two counts of the Second Superseding Indictment were improperly joined; and 3) the government improperly charged only one conspiracy despite offering proof of numerous conspiracies. The government opposed the motion based on its untimeliness and its substance.

On August 21, 2008, the District Court held oral argument on Kennedy's motion for a new trial and a sentencing hearing. The District Court considered the merits of the motion for a new trial after finding that there was excusable neglect due to miscommunication, or no communication, between Kennedy and his trial counsel after the trial. The District Court dismissed Kennedy's improper joinder argument because the joined counts were similar drug trafficking charges and dismissed Kenne-dy's argument regarding the conspiracy charge because the government "alleged and charged only one conspiracy." Kennedy Appendix ("KA") 65. The District Court then decided that Kennedy's trial counsel was ineffective for failing to challenge the admissibility of the evidence obtained from the search of the Cadillac a year after Kennedy's arrest and that this clearly prejudiced Kennedy.

The District Court granted Kennedy a new trial on counts I, IV, V, and VIII of the Second Superseding Indictment and sentenced Kennedy on the remaining four counts (II, III, VI and VII) to 180 months' imprisonment. Following these rulings, Kennedy filed a notice of appeal and the government filed a notice of cross-appeal.

## I. New Trial as to Four Counts

■ Kennedy argues that his trial counsel's ineffective assistance poisoned his entire trial and therefore, the District Court erred in granting a new trial as to only four counts. The District Court's decision to grant Kennedy a new trial on four counts under Federal Rule of Criminal Procedure 33 is reviewed for abuse of discretion; a District Court abuses its discretion by definition when it makes an error of law. *United States v. Kelly,* 539 F.3d 172, 181 (3d Cir.2008).

The District Court found that Kennedy's trial counsel was ineffective in failing to challenge the admissibility of the evidence found in the Cadillac, and granted his motion for a new trial on the four counts arising out of that evidence. Kennedy argues that his trial counsel's ineffectiveness infected his entire trial with constitutional errors so that a new trial was warranted as to all eight counts of conviction. Kennedy does not demonstrate how these errors affected the other four counts, nor does he present any case law to substanti-

ate his claim.[1] Therefore, we cannot conclude that the District Court abused its discretion in granting Kennedy a new trial on only four out of eight counts.

The government contends that the District Court erred in granting Kennedy's motion for a new trial by 1) allowing Kennedy's tardy motion for a new trial based on excusable neglect, 2) ruling on a ground that was never raised by Kennedy in his motion for a new trial, 3) granting a new trial on four counts based on trial counsel's decision not to bring a meritless motion, and 4) never explicitly finding that Kennedy suffered prejudice and assuming that Kennedy suffered prejudice based on his potential sentence.

## A. Excusable Neglect

 Under Federal Rule of Criminal Procedure 45(b)(1)(B), a court may extend the time prescribed under Federal Rule of Criminal Procedure 33(b)(2) due to excusable neglect. Excusable neglect is an equi-table determination that should take account of relevant circumstances, including danger of prejudice, the length of the delay, the delay's impact on judicial proceedings, the reason for the delay, whether the movant had control over the delay, and whether the movant acted in good faith. *In re Cendant Corp. PRIDES Litig.*, 234 F.3d 166, 171 (3d Cir.2000) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).[2] The Government concedes that it did not challenge the District Court's authority to extend the time period for Kennedy to file a motion for a new trial, although it did oppose that motion as untimely because it was filed almost sixteen months after Kennedy's conviction.[3] The District Court did not abuse its discretion in allowing the motion due to excusable neglect after finding that there was little or no communication between Kennedy and his trial attorney after the trial and

1. Kennedy does not use the term "prejudicial spillover." "The concept of prejudicial spillover ... requires an assessment of the likelihood that the jury, in considering one particular count or defendant, was affected by evidence that was relevant only to a different count or defendant." *United States v. Hamilton*, 334 F.3d 170, 181 (2d Cir.2003). Kennedy, however, does not demonstrate how the jury was prejudiced as to the remaining counts by the admission of the evidence found in the Cadillac, especially since the remaining counts also involved evidence of drugs and guns. *See Hamilton*, 334 F.3d at 182 ("[P]rejudicial spillover is unlikely if the dismissed count and the remaining counts were either quite similar or quite dissimilar.").

2. The *Cendant Corp* court and *Pioneer* Court dealt with excusable neglect in terms of Federal Rule of Civil Procedure 60(b), but the factors for a court to consider are relevant to this case.

3. The Government suggests in a footnote that, under the Supreme Court's ruling in *Eberhart v. United States*, 546 U.S. 12, 13, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005), the District Court lacked authority to consider Kennedy's motion based on excusable neglect. The Court in *Eberhart* found that the rules setting time limits were not jurisdictional, but were inflexible claim-processing rules. *Id.* The Court also found that the time limit in Federal Rule of Criminal Procedure 33 is "rigid" and may not be extended except as stated in Rule 33 itself. *Id.* (citing Fed. Rule of Crim. Pro. 45(b)(2)). As the Second Circuit points out:

> Read in conjunction with ... Rule 45(b), the defendant is ... required to file a timely motion for a new trial under Rule 33(b)(2) within the seven-day period specified.... [However], under Rule 45(b)(1)(B), if for some reason the defendant fails to file the underlying motion for a new trial within the specified time, the court may nonetheless consider that untimely underlying motion if the court determines that the failure to file it on time was the result of excusable neglect.

*United States v. Owen*, 559 F.3d 82, 84 (2d Cir.2009) (citing Fed.R.Crim.P. 33 advisory committee's notes (2005 Amendments)).

Kennedy's trial attorney had "abandoned him after the trial." KA. 46, 54, 64.

## B. Ruling on Grounds not Raised by Kennedy in his Motion for a New Trial

■ A trial judge may not grant a new trial on grounds not raised by the defendant. *United States v. Wright,* 363 F.3d 237, 248 (3d Cir.2004). In his motion for a new trial Kennedy's sentencing counsel argued that trial counsel was ineffective in not filing any pre-trial motions or adequately challenging the evidence found in the Cadillac a year after that car was seized by the government. The government faults sentencing counsel for not specifically describing the issue as one involving "chain of custody." However, the District Court did not clearly err in considering the issue notwithstanding counsel's failure to characterize it as an argument regarding the "chain of custody," because Kennedy's argument was substantially similar.[4]

## C. Ineffective Assistance of Counsel

■ We note at the outset that rarely, if ever, should an ineffectiveness of counsel claim be decided in a motion for a new trial or on direct appeal. "[T]his Court has expressed a preference that ineffective assistance of trial counsel claims be brought as collateral challenges under 28 U.S.C. § 2255, rather than as motions for new trials or on direct appeal." *United States v. Chorin,* 322 F.3d 274, 282 n. 4 (3d Cir.2003) (*citing United States v. DeRewal,* 10 F.3d 100, 104–5 (3d Cir.1993) (stating that a Rule 33 motion is not the preferred vehicle for asserting ineffectiveness of counsel claims)); *see also United States v. Ugalde,* 861 F.2d 802, 809 (5th Cir.1988)

("Defendants prejudiced by ineffective assistance of counsel have a ready remedy. They may mount a collateral challenge by a federal habeas petition as allowed by 28 U.S.C. § 2255. That mechanism, rather than a new trial, seems best to accommodate the interests in finality and fairness with respect to ineffective assistance of counsel claims."). Habeas proceedings offer the opportunity for the development of a factual record. No such record was developed here in connection with the motion for a new trial. We do not endorse the procedure followed by the District Court, but will proceed to examine what did occur here in connection with the motion for a new trial.

Under *Strickland v. Washington,* to grant a new trial based on ineffective assistance of counsel, the District Court must find that (1) counsel's performance was deficient and (2) that the defendant was prejudiced by this performance. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The District Court's ruling on ineffective assistance of counsel is reviewed *de novo. United States v. Cross,* 308 F.3d 308, 314 (3d Cir.2002).

### i. Deficient Performance

■ To determine whether Kennedy's trial counsel's performance was deficient, the District Court should have started with a weak presumption that trial counsel's decision was strategic, which Kennedy could rebut by showing that the conduct was not part of a strategy or that the strategy was unsound. *Thomas v. Varner,* 428 F.3d 491, 499 (3d Cir.2005). The District Court did not start with this presumption of strategy and instead of placing the burden on Kennedy to rebut the pre-

---

4. The District Court also asked Kennedy's counsel at oral argument on the motion for a new trial if he was arguing that trial counsel was ineffective in failing to challenge the

chain of custody of the evidence in the Cadillac and Kennedy's counsel answered in the affirmative.

sumption of strategy it placed the burden on the government to demonstrate that Kennedy's trial counsel had a strategy. The District Court also denied the government's request for an adjournment so that Kennedy's trial counsel could testify as to his strategy. The District Court told the government that if there were relevant facts that the Court should be aware of, the government should have brought them to the Court in the proper form. KA. 51.

However, we have stated:

In cases in which the record does not explicitly disclose trial counsel's actual strategy or lack thereof (either due to lack of diligence on the part of the petitioner or due to the unavailability of counsel), the presumption may only be rebutted through a showing that no sound strategy posited by the Commonwealth could have supported the conduct.

*Thomas,* 428 F.3d at 499.

The record in this case does not disclose trial counsel's actual strategy or lack thereof, and the burden was on Kennedy to show that trial counsel's actions could never be part of a sound strategy. The Government posits that Kennedy's trial counsel may well have made a decision not to move to exclude this evidence as such a motion would have been meritless, and it would be more effective to attack the weight of this evidence on cross-examination.[5] Kennedy did not show that trial counsel's decision was not part of a strategy nor that there was no possible sound strategy offered by the government. Nonetheless, the District Court made its own conclusory determination that Kennedy's trial counsel's decision not to make a chain of custody argument "seems not to have been his strategic choice" and that there was "no apparent reason not to make this appealing argument." KA. 67–8.

We do not find support for this conclusion in the record. Counsel's decision not to challenge the evidence in the Cadillac based on a chain of custody argument is not a deficient performance as a matter of law. Therefore, the District Court erred in relieving Kennedy of his burden to prove ineffectiveness by rebutting the presumption of strategy. As the record stands, Kennedy failed to prove that counsel's performance was deficient.

### ii. Prejudice

 To show prejudice, there must have been a reasonable probability that, but for Kennedy's trial counsel's deficient performance, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* Kennedy had to show that he would have likely prevailed on the motion to exclude the evidence found in the Cadillac and that, having prevailed, there is a reasonable probability that he would not have been convicted. *Thomas,* 428 F.3d at 502. The District Court ruled that the government's chain of custody over the Cadillac was "at least somewhat suspicious" (KA.66) but never actually concluded that Kennedy would have succeeded in a motion to exclude the evidence based on chain of custody.[6] Instead, the District Court

---

5. See *Lowenfield v. Phelps,* 817 F.2d 285, 291–92 (5th Cir.1987) (holding that counsel was not deficient when he made a strategic decision not to challenge the chain of custody of weapons so that he could argue that others were implicated in the murders and that the sloppy police work reflected adversely on the state's entire case).

6. If Kennedy's counsel had objected to the chain of custody of the Cadillac, it is unclear whether the government would have been able to establish chain of custody. "To establish a chain of custody, the government need only show that it took reasonable precautions to preserve the evidence in its original condition, even if all possibilities of tampering are

merely found that had Kennedy's counsel been successful in this argument, the jury could not have convicted Kennedy of the crimes based on possession of the evidence found in the Cadillac. The District Court erred in failing to thoroughly reason through the prejudice prong of the ineffective assistance of counsel analysis and in determining that Kennedy was prejudiced. Accordingly, we conclude that the motion for a new trial should not have been granted.

## II. Joinder

■ The District Court held that all of the offenses charged against Kennedy were drug trafficking offenses and thus were properly joined. Kennedy argues that counts II (possession of heroin with intent to deliver) and III (possession of a gun in furtherance of a drug trafficking crime), which both dealt with evidence found in the Navigator, were improperly joined because they were unrelated to the conspiracy charged. We make an independent determination as to whether or not joinder of counts under Rule 8 was proper; if joinder was improper, we must undertake a harmless error analysis. *United States v. Irizarry,* 341 F.3d 273, 287 (3d Cir.2003). Federal Rule of Criminal Procedure 8 states that "[t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."

Kennedy cites no case law to support his position. Kennedy states that the evidence of contraband found in the Navigator was capable of improperly influencing and confusing the jury on the conspiracy charges and further prejudiced Kennedy

not excluded." *United States v. Dent,* 149

by enhancing his potential sentence. The government responds that all counts were properly joined because they were based on similar conduct and implicated the same criminal statutes. Furthermore, the government contends that Kennedy cannot show any prejudice from the joinder.

Joinder is proper if the offenses charged are of a similar character. Counts II and III are identical charges to counts IV and V, except that they involve controlled substances found in different locations. We find that counts II and III were properly joined.

For the reasons set forth above we will AFFIRM the District Court's ruling on joinder of counts II and III, REVERSE the District Court's grant of a new trial on counts I, IV, V, and VIII, and REMAND for re-sentencing only.