**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

13-3170
_____

UNITED STATES OF AMERICA

v.

DOUGLAS KENNEDY,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 2-06-cr-00028-001)
District Judge:  Hon. Kevin McNulty
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 8, 2014

Before:  RENDELL, CHAGARES, and JORDAN, Circuit Judges.

(Opinion Filed: August 14, 2014)
_____

OPINION
_____

CHAGARES, Circuit Judge.

Douglas Kennedy was convicted by a jury of various gun and drug related

offenses and sentenced to 40 years of imprisonment.  In this appeal, he challenges his

conviction under 18 U.S.C. § 924(c). For the reasons that follow, we will affirm the judgment of the District Court.

## I.

We write exclusively for the parties and therefore set forth only those facts that are necessary to our disposition.[1]

## A.

In October and November 2004, Drug Enforcement Administration ("DEA") agents discovered a heroin distribution network operating out of a house in Clifton, New Jersey. The agents obtained information that members of the network intended to make a sale at a Burger King restaurant in Newark, New Jersey on November 6, 2004. On that day, agents observed two individuals from the Clifton house arrive at Burger King in a livery cab. A black Cadillac pulled into the parking lot. Agents observed a woman carrying a red shopping bag exit the livery cab, get into the back seat of the Cadillac, then return to the cab with a brown bag. As the vehicles left, agents tracked the Cadillac to a house in Irvington, New Jersey and watched Kennedy exit from the driver's seat and enter the house. A green Lincoln Navigator was parked in the driveway.

Based in part on these observations, agents obtained a search warrant for the Clifton house. The search uncovered $72,000 in cash, large quantities of heroin stored in bags that resembled the red shopping bag, and equipment used to process and package heroin. Agents also seized a ledger that recorded heroin transactions and listed the

_____

[1] This is not the first time that we have considered an appeal in this case. See, e.g., United States v. Kennedy (Kennedy II), 682 F.3d 244 (3d Cir. 2012). We set forth the facts largely as we did when this matter was last before us.

November 6 transaction. Esther Grullon, who was present at the time of the search, agreed to cooperate with the Government. She admitted that she took part in the Burger King transaction with Kennedy, who, she reported, was the driver of the Cadillac. She revealed that one week earlier, Kennedy and another man met her at the same Burger King to purchase a separate order of 200 bricks of heroin.

On November 9, agents went to the Irvington residence to conduct surveillance. When they arrived, the black Cadillac was parked in the driveway, but the Lincoln Navigator was gone. When Kennedy drove up to the house in the Lincoln, agents approached him, confirmed that he lived in the Irvington house, and placed him under arrest. They then obtained his consent to search the house, the Cadillac, and the Lincoln. Inside the house, agents found $8,300 in cash, ammunition, and a bag containing 10 grams of crack cocaine. Kennedy admitted that the bag of cocaine was his and that he was paid to transport the red shopping bag in the November 6 Burger King transaction.

Agents seized both vehicles and moved them to a secure location for a search by other agents and a drug-sniffing dog. This search revealed a secret compartment under the central console of the Lincoln containing a loaded handgun and four glassine envelopes containing .15 grams of heroin. The brand stamped on the envelopes did not match the brands of heroin sold from the house in Clifton. The search did not uncover weapons or drugs inside the Cadillac. A year later, however, an employee performing routine maintenance on the Cadillac noticed loose wiring and a suspicious construction of the side panels on the center console. He dislodged one of the panels, exposing a secret compartment. Inside, agents found a second loaded handgun and 41 bricks of heroin,

3

weighing 103.9 grams and bearing a brand stamp that matched a stamp used by Grullon and the other Clifton distributors.

B.

On May 23, 2006, a second superseding indictment was returned against Kennedy alleging eight counts. Count 1 charged that from October 30, 2004 to November 9, 2004, Kennedy conspired with others to distribute and possess with intent to distribute 100 grams or more of a substance containing heroin, in violation of 21 U.S.C. § 846. Count 2, which referred to the heroin found in the Lincoln, charged possession with intent to distribute a quantity of heroin in violation of 21 U.S.C. § 841(a) and (b)(1)(C), and 18 U.S.C. § 2. Count 3 charged possession of a firearm in furtherance of the intended distribution of the heroin discovered in the Lincoln, in violation of 18 U.S.C. §§ 924(c) and 2. Count 4, which referred to the heroin found in the Cadillac, charged possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841(a) and (b)(1)(B), and 18 U.S.C. § 2. Count 5 charged possession of a firearm in furtherance of the conspiracy (Count 1) and in furtherance of the intended distribution of the heroin discovered in the Cadillac (Count 4), in violation of 18 U.S.C. §§ 924(c) and 2. Count 6, which referred to the cocaine found in the Irvington home, charged possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a) and (b)(1)(B), and 18 U.S.C. § 2. Count 7, which referred to the gun found in the Lincoln, charged possession of a weapon by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Count 8, which referred to the gun found in the Cadillac, charged possession of a weapon by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

4

After a four-day trial, the jury found Kennedy guilty on all counts. Kennedy's attorney did not seek post-conviction relief or file a notice of appeal within the time allotted by the federal rules. On October 24, 2006, Kennedy filed a pro se motion for appointment of new counsel. The District Court granted the motion on November 2, 2006. On November 15, 2007, Kennedy's newly appointed counsel moved for a new trial, contending that: (1) trial counsel was ineffective for failing to challenge the admissibility of the evidence found as a result of the search of the Cadillac; (2) two counts of the second superseding indictment were improperly joined; and (3) the Government improperly charged one conspiracy despite offering proof of two separate conspiracies. The Government opposed the motion based on untimeliness and substance.

On August 21, 2008, the District Court held oral argument on Kennedy's motion for a new trial and a sentencing hearing. The District Court found that there was excusable neglect due to a lack of communication between Kennedy and his trial counsel after the trial. The court rejected Kennedy's misjoinder argument and determined that Kennedy's counsel was constitutionally ineffective. Therefore, the court granted Kennedy's motion for a new trial with respect to Counts 1, 4, 5, and 8 – all counts that were premised on the gun and drugs seized from the Cadillac. On the remaining counts of conviction – Counts 2, 3, 6, and 7 – the District Court imposed a 15-year term of imprisonment, the minimum sentence authorized by Congress. See 18 U.S.C. § 924(c)(1)(A); 21 U.S.C. § 841(a), (b)(1)(B)(iii) (2006).

Kennedy appealed and the Government cross-appealed. We affirmed the District Court's rejection of Kennedy's misjoinder argument and his effort to attain a new trial on

5

all eight counts. United States v. Kennedy (Kennedy I ), 354 F. App'x 632 (3d Cir. 2009). We held, however, that the District Court erred in finding that Kennedy's counsel was ineffective. We therefore reversed the grant of a new trial on Counts 1, 4, 5, and 8 and remanded "for re-sentencing only." Id. at 639.

On remand, the District Court did not immediately set the matter for re-sentencing. Instead, it invited the parties to brief three issues: (1) whether Counts 3 and 5 were multiplicitous; (2) whether it was plain error to use "and/or" language in the jury charge on Count 5; and (3) whether the jury charge was inconsistent with Richardson v. United States, 526 U.S. 813 (1999). The Government submitted a sentencing memorandum that argued that only the multiplicity issue could be considered at sentencing and that all other issues fell outside of this Court's mandate. It also disputed the issues on the merits. Kennedy did not submit briefing in anticipation of re-sentencing.

On December 20, 2010, the parties convened for re-sentencing. After conducting a lengthy colloquy with the Assistant United States Attorney, the District Court announced that, even though it had not requested briefing on the matter, it would merge Counts 2 and 4 (the possession-with-intent-to-distribute counts) into a single count and likewise merge Counts 7 and 8 (the felon-in-possession counts) into a single count. The court also vacated the jury's verdict on Count 5.[2] Having amended the counts of conviction, the District Court resentenced Kennedy to 15 years in prison on the remaining counts.

---

[2]  The District Court explained its reasoning in a memorandum opinion issued three days later. It focused on the portion of the instruction that permitted the jury to convict if it found that Kennedy used the Cadillac handgun in furtherance of the conspiracy charged in Count 1 "and/or" the distribution charged in Count 4. The court reasoned that this

The Government appealed. On appeal, we held that the District Court exceeded the scope of our mandate when it sua sponte vacated Count 5 on the basis that its own jury charge was plainly erroneous. United States v. Kennedy (Kennedy II), 682 F.3d 244 (3d Cir. 2012). We also held that the District Court erred in merging Counts 2 and 4 and Counts 7 and 8. We therefore vacated the District Court's judgment, reinstated all counts of conviction, and remanded for re-sentencing. We also found it necessary to reassign Kennedy's case and all related matters to a different district court judge on remand.

On remand, the judge to whom the case was reassigned sentenced Kennedy to 40 years of imprisonment.[3] Kennedy filed a timely notice of appeal.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

In this appeal, Kennedy challenges the District Court's jury instructions. Since he did not object to the charge as given, our review is for plain error. See Puckett v. United States, 556 U.S. 129, 134 (2009). In reviewing for plain error, we:

---

"and/or" language might have led some jurors to conclude that Kennedy used the Cadillac gun in furtherance of the intended heroin distribution charged in Count 4, while others might have concluded that Kennedy used the Cadillac gun in furtherance of the heroin conspiracy charged in Count 1. Even though the jurors unanimously found Kennedy guilty on Counts 1 and 4 and received a general unanimity instruction, the District Court reasoned, they might not have agreed unanimously on which predicate crime supported Kennedy's conviction in Count 5 because the court did not give a unanimity instruction specific to the count.

[3] This sentence consisted of: 120 months on Counts 1, 2, 4, 6, 7, and 8, to be served concurrently; a mandatory minimum 60-month consecutive sentence on Count 3; and a mandatory minimum 300-month consecutive sentence on Count 5. Appendix ("App.) 4.

may, in [our] discretion, correct an error not raised at trial only where the appellant demonstrates that: (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

United States v. Marcus, 560 U.S. 258, 262 (2010) (quotation marks omitted).

III.

Kennedy asserts that the District Court erroneously charged the jury that it could find him guilty of Count 5, the § 924(c) count for the gun found in the Cadillac, if it found him guilty of Count 1 and/or Count 4. Kennedy Br. 17. Due to this alleged error, Kennedy suggests, "there is no way to determine upon which predicate the jury based the § 924(c) conviction." Id. Kennedy argues that this result contravenes the Supreme Court's decision in Richardson v. United States, 526 U.S. 813 (1999), as well as "this Court's consistent reasoning with respect to the general principle of unanimity in jury verdicts." Id.

To convict a defendant under 18 U.S.C. § 924(c)(1)(A), the trier of fact must find that the use of a gun was "during and in relation to any crime of violence or drug trafficking crime." Here, Count 5 of the second superseding indictment charged that Kennedy "knowingly and willfully possess[ed] a firearm" during and in relation to the drug trafficking offenses charged in Counts 1 and 4, in violation of § 924(c). App. 46. At trial, the District Court instructed the jury that, in order to convict Kennedy on Count 5, it had to find that he "knowingly possessed a firearm in furtherance of the commission of the crimes charged in Counts 1 and/or Count 4." App. 788-89 (emphasis added). The

8

court did not give a specific unanimity charge on Count 5, but it gave a general unanimity instruction.  App. 796-97.  Kennedy did not object to the jury instructions.  The jury convicted Kennedy on all eight counts.

It is well settled that "a jury in a federal criminal case cannot convict unless it unanimously finds that the Government has proved each element."  Richardson v. United States, 526 U.S. 813, 817 (1999).  In Richardson, the  Supreme Court applied this principle as it interpreted 21 U.S.C. § 848(c).  To obtain a conviction under that statute, the Government must prove that the defendant committed a violation of a federal drug law that was "part of a continuing series of violations" of federal drug laws.  21 U.S.C. § 848(c)(2).  The issue was whether the jury must agree unanimously on each violation in the series or whether it need only agree unanimously that the defendant committed a series of violations.  Id. at 817-18.  The Court held that each violation in the series is an element of the crime on which the jury must agree unanimously.  Id. at 824.

Kennedy asks us to extend the reasoning of Richardson to conclude that a jury must unanimously agree on the predicate offense or offenses in a charge under § 924(c).  Given the procedural posture of this case, on plain error review, it would be inappropriate to do so.  Even if Kennedy could show that the District Court committed a plain error, he would also have to demonstrate that this error had a prejudicial impact on jury deliberations.  He cannot make this showing.  Kennedy essentially concedes that the jury could have found either Count 1 (conspiracy) or Count 4 (possession of heroin) to be the predicate crime for Count 5.  See Kennedy Br. 46.  But he contends that the evidence relating to the conspiracy count did not specifically involve guns, such that he would be

9

prejudiced by a conviction on that improper predicate.  The Government convincingly responds that the gun in Count 5 was found in Kennedy's car, alongside heroin, which was part of the evidence for Count 1.  Thus, the jury could reasonably have concluded that the gun was possessed in furtherance of the conspiracy.  As noted above, the jury received a general unanimity instruction, and it validly reached a unanimous guilty verdict on each of the predicate offenses alleged.  It is clear that the jury would have found Kennedy guilty even if the District Court had instructed it that it must agree unanimously as to the predicate crime or crimes supporting the § 924(c) conviction.  Cf. United States v. Gomez, 580 F.3d 94, 104 (2d Cir. 2009) ("Because the jury validly reached a unanimous guilty verdict on every predicate crime alleged, the erroneous jury instruction was necessarily harmless.").  Thus, the § 924(c) conviction stands.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.