Taylor v. Rogich, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

_____

August Term, 2014

(Submitted: January 5, 2015                    Decided: March 30, 2015)

Docket No. 14-364

_____

ANTOINE TAYLOR,

*Plaintiff-Appellee*,

—v.—

KEITH ROGICH, Police Officer, JOHN DOE, Police Officer, NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, LAWRENCE MULVEY, Nassau County Police Commissioner, ROBERT MCGUIGAN, First Deputy Commissioner, WILLIAM FLANAGAN, Second Deputy Commissioner, DAVID MACK, Assistant Commissioner, ROBERT CODIGNOTTO, Assistant Commissioner, STEVEN SKRYNECKI, Chief of the Department, JOHN HUNTER, Chief of Patrol, JOHN DOES, Commissioners and Supervisors,

*Defendants-Appellants.*

Before:

LYNCH and CHIN, *Circuit Judges*, and KORMAN, *Senior District Judge*.[*]

_____

[*] The Hon. Edward R. Korman, Senior United States District Court Judge for the Eastern District of New York, sitting by designation.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brown, *M.J.*), which denied defendant's motion for judgment as a matter of law after the first phase of a bifurcated trial in which the jury found in favor of the plaintiff on the issue of liability. The plaintiff had alleged that the defendant, a Nassau County Police Officer, used excessive force when he shot plaintiff during the course of apprehending him. The appeal challenges the sufficiency of the evidence underlying the jury's rejection of the defendant's claim of qualified immunity. We dismiss the appeal for lack of subject matter jurisdiction.

DISMISSED.

---

Brian J. Isaac and Michael H. Zhu, Pollack, Pollack, Isaac & De Cicco, LLP, New York, NY, Bader, Yakaitis & Nonnenmacher, LLP, New York, NY, *for Plaintiff-Appellee*.

Robert F. Van der Waag, Appeals Bureau Chief, *for* Carnell T. Foskey, County Attorney of Nassau County, Mineola, NY, *for Defendants-Appellants*.

---

EDWARD R. KORMAN, *Senior District Judge*:

On February 25, 2011, Antoine Taylor filed suit against Nassau County, the Nassau County Police Department, and various Nassau County police officers and supervisors, alleging, *inter alia*, that police officer Keith Rogich used excessive force when he shot Taylor during the course of apprehending him. After the dismissal of some defendants by stipulation and another defendant pursuant to a motion for summary judgment, the only defendant left in the case was Police Officer Rogich. The district judge (Feuerstein, *J.*) to whom the case was then assigned, held Rogich was not entitled to summary judgment. *Taylor v. Nassau County, et al.*, No. 11-CV-0934 (SJF)(GRB), 2012 WL 5472554 (E.D.N.Y. Nov. 5, 2012). More specifically, she held that his claim of qualified immunity, on which his motion for summary judgment was based, depended on the resolution of disputed issues of fact and the jury's assessment of the credibility of witnesses.

The case was subsequently referred to a United States magistrate judge (Brown, *M.J.*) who presided over the first phase of a bifurcated trial to determine the issue of liability. At the close of that five-day phase of the trial, the jury found that Rogich used excessive force that caused Taylor injury. Following the verdict, Rogich moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50,

arguing again that he was entitled to qualified immunity.  Specifically, he argued

that the plaintiff had

> provided no coherent version of events which a jury could
> have credited one way or the other.  The jury must have
> found that Officer Rogich's version of events was to be
> believed and still found a verdict of excessive force.
> Because Officer Rogich is entitled to, at the very least,
> qualified immunity *when his version* of events is credited,
> the Court must enter judgment as a matter of law in favor
> of the Defendant, Keith Rogich.

App'x at 1340 (emphasis added)

Rogich's motion was denied "because [his] assertion [of qualified immunity]

depend[ed] on a view of the facts that was explicitly rejected by the jury."  *Taylor v.*

*Rogich*, No. 11-CV-0934, 2014 WL 4686645, at *1 (E.D.N.Y. 2014).  Rogich then filed

this interlocutory appeal.[1]  The trial on the determination of damages was stayed by

---

[1] Subsequently, Nassau County and "all defendants" filed an amended notice of appeal indicating their intent to join Rogich's appeal of the January 2, 2014 memorandum and order.  Police Officer Kenneth Rogich, however, was the only defendant left in the case by the time of trial and this appeal only addresses his claims.  Indeed, the brief filed by the Nassau County Attorney, who is representing Rogich, acknowledges that after the entry of stipulation dismissing some defendants and the motion for summary judgment dismissing Nassau County, "the case moved forward against the individual police officer."  We therefore construe this appeal as an appeal by Rogich only.

order of the magistrate judge pending the determination of this appeal. We dismiss the appeal on the ground that we lack jurisdiction to hear it.[2]

## DISCUSSION

This appeal comes to us in an unusual posture. The district court did not certify this appeal pursuant to 28 U.S.C. § 1292(b). Rather, Rogich asserts that we have jurisdiction to hear this appeal under 28 U.S.C. § 1291, which permits appeals from "final decisions" of the district courts. As we have had occasion to observe, "[t]ypically, an interlocutory appeal from a district court's denial of a claim of qualified immunity is brought after the district court denies the claim at the pleading stage or upon denial of the defendant's motion for summary judgment based on the plaintiff's, or an agreed upon, version of the facts." *Britt v. Garcia*, 457 F.3d 264, 271 (2d Cir. 2006) (internal citations omitted). The present appeal comes to us after a trial on the issue of liability and before a determination of the issue of damages. Moreover, it challenges the denial of a motion pursuant to Rule 50 on the ground that the defendant was entitled to judgment as a matter of law in his favor because

[2] Neither party raised the issue of jurisdiction. Nevertheless, we are obligated to raise the issue *sua sponte* when jurisdiction is questionable. *See, e.g., United States v. Frias*, 521 F.3d 229, 231 (2d Cir. 2008); *Henrietta D. v. Giuliani*, 246 F.3d 176, 179 (2d Cir. 2001).

the jury was obligated to credit his version of the events, which, he argues compels the conclusion that he was entitled to qualified immunity.

In *Britt v. Garcia*, 457 F.3d at 268, we addressed the appealability of an interlocutory order in a somewhat similar circumstance. There, after a trial in which the jury found in favor of the plaintiff on both the issue of liability and damages, the trial judge ordered a new trial on the issue of punitive damages after the plaintiff declined to agree to remit a portion of the punitive damages award. On appeal, the defendants argued that the jury's answers to certain interrogatories entitled them to judgment as a matter of law. We held that an interlocutory appeal was appropriate and that we had appellate jurisdiction because the appeal raised "a legal issue that [could] be decided with reference only to undisputed facts and in isolation from the remaining issues of the case, and [did] not raise the sufficiency question over which [the Supreme Court] ruled we have no interlocutory jurisdiction." *Id.* at 271-72 (internal quotations and citations omitted). In so doing, we observed that "one of the principal reasons for permitting an interlocutory appeal of a denial of qualified immunity in the summary judgment setting is to vindicate the defendant's right, if he or she is entitled to such immunity, not to be subjected to a trial." *Id.* at 272. This policy consideration justified the exercise of appellate jurisdiction because

6

"although it [was] too late to protect the appellants from standing trial, it [was] not too late to vindicate their right, if they [were] entitled to immunity, not to undergo a second one on the issue of damages." *Id.*

The present case differs from *Britt* because the defendant's appeal challenges the sufficiency of the evidence relied on by the jury. Indeed, the order from which he appeals, as we previously observed, specifically rejected his argument that "when his version of events is credited, the Court must enter judgment as a matter of law in favor of the Defendant, Keith Rogich." That is simply another way of arguing that the evidence was insufficient to sustain the jury's verdict. The Supreme Court has made it clear that we lack appellate jurisdiction to decide an interlocutory appeal from a district court's denial of a claim of qualified immunity to the extent that the denial involves only a question of evidence sufficiency. *Johnson v. Jones*, 515 U.S. 304, 313 (1995). Although the issue normally arises, as in *Johnson*, on interlocutory appeals from summary judgment motions, we see no reason why the rule should differ in cases where the appeal is from a decision denying a Rule 50 motion for judgment as a matter of law, rendered following the liability phase of a bifurcated trial. Indeed, the burden facing a defendant at that stage, who faces only a short trial on the issue of damages in which his conduct is not directly at issue, is considerably

7

less than that on a defendant who claims entitlement to summary judgment, which would prevent an entire trial.

We note that the Seventh Circuit has held that, in some circumstances, denials of Rule 50 motions may not be appealable even when they raise solely issues of law. In *Mercado v. Dart*, 604 F.3d 360, 363 (7th Cir. 2010) (Easterbrook, *J.*), after the jury returned a verdict on the issue of liability but before the presentation of evidence about damages, the defendant filed a notice of appeal for the purpose of challenging the jury's rejection of his claim of immunity. *Id.* at 362. In the course of resolving the appeal, Judge Easterbrook wrote that, even if it involved solely an issue of law, different considerations of policy were present in such a mid-trial appeal than were present in a post-trial appeal after a jury was discharged. After reviewing the Supreme Court's qualified immunity holdings, he observed:

> It is hard to imagine that the Justices have authorized public officials to bring trials to a halt and disband the jury while a pre-verdict appeal proceeds. As a practical matter that would give every public official a right to a mistrial in every § 1983 suit that seemed to be going the plaintiff's way, because once a trial stops jurors are likely to forget the evidence, to come across information they are not supposed to read, to discuss the trial with friends and relatives, or all three. Appellate delay would compel the trial to start over with a new jury.

*Mercado*, 604 F.3d at 363.

Whatever force this argument would carry in a case in which the circumstances Judge Easterbrook envisioned were present, those circumstances are not present here. The trial in this case was never intended to be a unitary trial which was disrupted by a mid-trial appeal on the issue of qualified immunity. The trial on liability ended on June 4, 2013. The presiding judge then invited written elaborations of the parties' positions on qualified immunity. The briefing extended through the summer and fall of 2013, and the judge decided the motion, in an extensive written opinion, on January 2, 2014. Thus, unlike the situation addressed by Judge Easterbrook, there was no oral ruling on a mid-trial motion, intended as a mere step along the way to a verdict. Any disruption of the possibility of a smooth progression to the damages phase of the trial had already occurred, quite independent of the appealability of the judge's eventual decision on the qualified immunity motion. Similarly, there was no mid-trial disruption in *Britt*. There, the case was tried to verdict on both the issue of liability and damages. *Britt*, 457 F.3d at 268. The order granting a new trial, from which the appeal was taken, was entered after the jury had been discharged. *See id.*

In sum, while we have had occasion to distinguish this case from other cases that would pose a problem of a mid-trial disruption occasioned by a mid-trial appeal, we leave open the question of whether an interlocutory appeal in such a case would lie even if it were based purely on an issue of law. Because the appeal in this case is based on the sufficiency of the evidence, we hold only that such an appeal on qualified immunity grounds must be dismissed. *See Johnson*, 515 U.S. at 313.

Accordingly, for the reasons stated above, the appeal is DISMISSED for lack of appellate jurisdiction.