14-2483-cr
*United States v. Tulsiram*

# In the
# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2015

No. 14-2483-cr

UNITED STATES OF AMERICA,
*Appellee,*

v.

NARENDRA TULSIRAM,
*Defendant-Appellant.*

On Appeal from the United States District Court
for the Southern District of New York

ARGUED: MARCH 1, 2016
DECIDED: MARCH 7, 2016

Before: CABRANES, PARKER, and LYNCH, *Circuit Judges.*

This case presents two questions. The first is whether a judgment of conviction is final for purposes of 28 U.S.C. § 1291, and therefore appealable, if it imposes a sentence including incarceration and restitution but does not determine the restitution amount. The second is whether—if we have jurisdiction over this appeal—we must vacate the guilty plea of defendant-appellant Narendra Tulsiram ("Tulsiram"), because the United States District Court for the Southern District of New York (J. Paul Oetken, *Judge*) did not advise him about mandatory restitution during the plea proceeding.

We hold that a judgment of conviction is final for purposes of § 1291 whenever it imposes a sentence of incarceration, even if post-conviction proceedings to set a restitution amount remain pending. We also conclude that the District Court's failure to advise Tulsiram that restitution would be imposed did not constitute plain error. We therefore **AFFIRM** the June 30, 2014 judgment of the District Court.

---

MARSHALL ARON MINTZ, Mintz & Oppenheim LLP, New York, NY, *for Defendant-Appellant*.

RAHUL MUKHI (Kristy J. Greenberg, Michael A. Levy, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, *for Appellee.*

2

PER CURIAM:

This case presents two questions. The first is whether a judgment of conviction is final for purposes of 28 U.S.C. § 1291, and therefore appealable, if it imposes a sentence including incarceration and restitution but does not determine the restitution amount. The second is whether—if we have jurisdiction over this appeal—we must vacate the guilty plea of defendant-appellant Narendra Tulsiram ("Tulsiram"), because the United States District Court for the Southern District of New York (J. Paul Oetken, *Judge*) did not advise him about mandatory restitution during the plea proceeding.

We hold that a judgment of conviction is final for purposes of § 1291 whenever it imposes a sentence of incarceration, even if post-conviction proceedings to set a restitution amount remain pending. We also conclude that the District Court's failure to advise Tulsiram that restitution would be imposed did not constitute plain error. We therefore **AFFIRM** the June 30, 2014 judgment of the District Court.

## BACKGROUND

For about five years, Tulsiram sexually abused a teenage girl who was his *de facto* stepdaughter. He also took sexually explicit pictures of her—about 80 of which were discovered on his phone at the time of his arrest—and threatened to send them to her family and friends if she resisted his demands for sex.

As a result of this conduct, Tulsiram was charged in a superseding indictment with sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) ("Count One") and 18 U.S.C. § 2251(b) ("Count Two"); transportation of child pornography in violation of 18 U.S.C. §§ 2252A(a)(1) and (b)(1) ("Count Three"); and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) ("Count Four"). The superseding indictment also included a forfeiture count.

The Government later provided Tulsiram with a so-called *Pimentel* letter, as we suggested in *United States v. Pimentel*, 932 F.2d 1029 (2d Cir. 1991).[1] The letter informed him that, based on the charged offenses, the United States Sentencing Guidelines ("Guidelines") called for a sentence of 90 years' imprisonment and that he faced a maximum term of supervised release of life. The letter also advised Tulsiram that each count carried a $100 mandatory special assessment and a maximum fine "of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense." App. 16. Finally, the letter told Tulsiram that for Counts Three and Four, "the Court must order restitution as specified below," although the letter did not in fact provide specifics. *Id.*

---

[1] "A *Pimentel* letter generally refers to an informational letter from the government containing an estimate of a defendant's likely sentence under the Sentencing Guidelines. . . . [I]t is often relied upon by defendants in entering guilty pleas." *United States v. Marino*, 654 F.3d 310, 315 n.3 (2d Cir. 2011).

Tulsiram pleaded guilty to all counts on April 1, 2013, without the benefit of a plea agreement. Before accepting his plea, the District Court advised him of the same potential terms of imprisonment, potential terms of supervised release, potential fines, and mandatory special assessments that the *Pimentel* letter had described. (Tulsiram confirmed that he had seen the *Pimentel* letter and had discussed it with his attorney.) In addition, the Court advised Tulsiram that his offenses could entail forfeiture, which the *Pimentel* letter (but not the indictment) had omitted. The Court did not, however, mention restitution.

The District Court sentenced Tulsiram on June 23, 2014, to 25 years' imprisonment, followed by a lifetime term of supervision. The Court also imposed the mandatory special assessment of $400 but declined to impose a fine, finding that Tulsiram lacked any ability to pay. At the Government's prompting, the Court ordered restitution but deferred setting the amount "for up to 90 days," so that the Government could "work[ ] out what the appropriate amount would be." App. 119, 120. In its judgment of June 30, 2014, the Court specified that the determination of restitution was deferred until September 23, 2014. No such determination has ever been made, however, nor has the Court entered an amended judgment.[2]

---

[2] The Government states that it will "request that the District Court set the amount of restitution at zero, but has refrained from doing so out of concern that" Tulsiram's appeal has deprived that court of jurisdiction. Gov't Br. 22. That concern is misplaced. *See, e.g.*, *United States v. Ryan*, 806 F.3d 692, 692 & n.1 (2d Cir. 2015) (noting that a district court set restitution after the defendant filed a

Tulsiram filed a timely notice of appeal. His appellate counsel thereafter filed a motion to withdraw from the case pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the Government moved for summary affirmance.[3] A panel of this Court deferred consideration of those motions and instead ordered the parties to file supplemental briefs addressing "whether the district court's judgment is appealable." Docket No. 67. Tulsiram's counsel then filed a motion to withdraw his *Anders* motion and to file a brief addressing, *inter alia*, the jurisdictional question. We granted the motion and vacated our earlier order for supplemental briefing. Docket No. 72.

## DISCUSSION

### A. This Court's Appellate Jurisdiction

The first issue we must resolve is whether we have jurisdiction over this appeal. Although both parties agree that we do have

---

notice of appeal from the initial sentence); *United States v. Muzio*, 757 F.3d 1243, 1254 (11th Cir.) ("While it is *typically* true that the filing of an appeal divests district courts of jurisdiction over the matters contained in the appeal . . . the district court retains the power to determine the amount of restitution even if an appeal from the initial judgment has been filed with us."), *cert. denied,* 135 S. Ct. 395 (2014), *reh'g denied,* 135 S. Ct. 1035 (2015).

[3] In *Anders*, the Supreme Court required that in an appeal from a criminal judgment, "a defense attorney who believes that his client's appeal would be frivolous must, *inter alia*, move to be relieved on that basis and brief all arguably meritorious appellate issues." *In re Aranda*, 789 F.3d 48, 53 n.4 (2d Cir. 2015).

jurisdiction, we must nonetheless consider the issue independently. *See, e.g., Taylor v. Rogich*, 781 F.3d 647, 648 n.2 (2d Cir. 2015).

Our jurisdiction extends to "appeals from all *final* decisions of the district courts of the United States." 28 U.S.C. § 1291 (emphasis supplied). "[L]ike many legal terms," the meaning of final "depends on context." *See Clay v. United States*, 537 U.S. 522, 527 (2003). In the context of a direct criminal appeal, finality typically attaches "when the district court disassociates itself from the case, leaving nothing to be done at the court of first instance save execution of the judgment." *Gonzalez v. United States*, 792 F.3d 232, 236 (2d Cir. 2015) (quoting *Clay*, 537 U.S. at 527). Accordingly, it is clear that "[a] criminal judgment containing a restitution order is a final judgment for the purposes of a direct appeal." *Id.* We have not yet resolved, however, whether a criminal judgment that imposes an undetermined amount of restitution is also final.

The Supreme Court declined to answer that very question in *Dolan v. United States*, 560 U.S. 605, 618 (2010). Nonetheless, the Court noted in dicta that "strong arguments favor the appealability of" such judgments. *Id.* at 617. The Court began by citing *Corey v. United States*, 375 U.S. 169, 174–75 (1963), which held that a criminal defendant could appeal from a sentence committing him to custody, even if the district court had not yet determined the final sentence. The Supreme Court then noted that the statute authorizing restitution "provides that a 'sentence that imposes an order of restitution . . . is a final judgment.'" *Dolan*, 560 U.S. at 618 (quoting 18

7

U.S.C. § 3664(o)).[4] The same is true, the Court observed, of judgments imposing imprisonment, 18 U.S.C. § 3582(b), supervised release, *id.* § 3583(a), and fines, *id.* § 3572(c). Accordingly, the Court found it unsurprising that courts of appeals—including the Second Circuit— have permitted defendants to appeal from an initial sentence imposing a term of imprisonment, even if restitution proceedings remained pending. *Dolan*, 560 U.S. at 618 (citing, *inter alia*, *United States v. Stevens*, 211 F.3d 1 (2d Cir. 2000)). This approach "makes sense," the Supreme Court suggested, because defendants might otherwise have to wait for months before seeking review of their conviction and initial sentence. *Id.*[5]

Following *Dolan*, the Ninth and Eleventh Circuits—the only two to decide the issue so far—have held that a judgment imposing incarceration and restitution, but not specifying the amount of restitution, is "final" for purposes of § 1291. *United States v. Gilbert*, 807 F.3d 1197, 1199–200 (9th Cir. 2015); *United States v. Muzio*, 757 F.3d 1243, 1250 (11th Cir.), *cert. denied*, 135 S. Ct. 395 (2014), *reh'g denied*, 135 S. Ct. 1035 (2015).

---

[4] This is true even though an order of restitution may be "corrected," "appealed and modified," "amended," or "adjusted," and even though "[t]he defendant may be resentenced." 18 U.S.C. § 3664(o).

[5] *Cf. United States v. Abrams*, 137 F.3d 704, 707 (2d Cir. 1998) (reading 18 U.S.C. § 3582(b) as designed to avoid the "unacceptable" scenario of forcing a defendant to begin serving a sentence he could not challenge immediately).

We cited the Eleventh Circuit's approach approvingly in *Gonzalez v. United States*, 792 F.3d at 237. In *Gonzalez*, we were asked to determine when a criminal judgment became "final" for purposes of triggering the limitations period of 28 U.S.C. § 2255. We noted that the Supreme Court's decisions in *Dolan* and *Corey*, together with the Eleventh Circuit's holding in *Muzio*, supported the conclusion that a criminal defendant has two opportunities to appeal: first, "from an initial sentence, even if some aspects of the sentence are not final"; and again "from the final order disposing of the case in the district court." *Gonzalez*, 792 F.3d at 237.

Relying on *Gonzalez*, we reached the same conclusion in *United States v. Ryan*, 806 F.3d 691 (2d Cir. 2015). *Ryan*, unlike *Gonzalez*, involved a direct appeal from a judgment of conviction that, as in the instant case, imposed a term of imprisonment and an undetermined amount of restitution. Although we held the appeal in abeyance until the district court entered an amended judgment setting restitution, we noted in dicta that "[t]he original judgment was a final judgment." *Id.* at 692 n.1 (citing *Gonzalez*, 792 F.3d at 237).[6]

---

[6] Our statement in *Ryan* was dictum because we did not actually hear that appeal until "completion of the restitution proceedings that resulted in the amended judgment." *Ryan*, 806 F.3d at 692. In other words, *Ryan*, unlike the instant case, did not actually involve an appeal from a judgment in which restitution had not been set. Although we assumed that we had had jurisdiction from the time that the defendant "filed a notice of appeal of the original judgment," *id.* at 692 n.1, we never exercised that jurisdiction. We merely held the appeal in abeyance until entry of the amended judgment—an action that would also have been consistent with our treating the initial sentence as non-final. *Cf.*

In light of our dicta in *Gonzalez* and *Ryan*, the Supreme Court's observations in *Dolan*, the holdings of our sister circuits, and our own past practice,[7] we have no difficulty in reaching our holding today: a judgment of conviction that imposes a sentence including incarceration and restitution is "final" within the meaning of 28 U.S.C. § 1291, even if the sentence defers determination of the amount of restitution.[8] In such situations, § 1291 permits a defendant

Fed. R. App. P. 4(b)(2) ("A notice of appeal filed after the court announces a decision, sentence, or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry."); *United States v. Owen*, 553 F.3d 161, 164–65 (2d Cir. 2009) (noting our practice of holding a "protective" notice of appeal in abeyance until it becomes "effective").

[7] *See, e.g.*, *Stevens*, 211 F.3d at 1. In *United States v. Gushlak*, 495 F. App'x 132 (2d Cir. 2012), we assumed that a judgment of conviction was appealable even if restitution proceedings remained pending. We never discussed the issue explicitly, however, and in any event that decision was nonprecedential. *See also United States v. Gushlak*, 728 F.3d 184, 188 (2d Cir. 2013) (noting that "[t]he [district] court entered judgment while the restitution issue remained pending in order to enable [the defendant] to appeal his conviction and sentence immediately").

[8] We need not decide whether a sentence imposing an undetermined amount of restitution, but not incarceration, would also be final. On the one hand, such a sentence would not impose the immediate "judicial control" or "discipline" that prompted the Supreme Court's concern in *Corey*, 375 U.S. at 174 (internal quotation marks omitted). Moreover, the cases on which we have relied all involved "a judgment imposing a term of imprisonment." *Muzio*, 757 F.3d at 1244; *see Dolan*, 560 U.S. at 617; *Ryan*, 806 F.3d at 692; *Gonzalez*, 792 F.3d at 233; *Gilbert*, 807 F.3d at 1200 ("[A] sentence *of incarceration* coupled with an unspecified amount of restitution is a sufficiently final judgment to support a direct appeal." (emphasis supplied)). On the other hand, the mere fact of conviction—apart from any sentence—imposes disabilities that a defendant has an interest in challenging promptly. *See Berman v. United States*, 302 U.S. 211, 213 (1937). And courts have

either to appeal immediately from the initial sentence or to wait until all aspects of the sentence have been determined. *Cf. Gonzalez*, 792 F.3d at 237; *Muzio*, 757 F.3d at 1250. We therefore have jurisdiction over the present appeal.

## B. Tulsiram's Guilty Plea

Having assured ourselves of our jurisdiction, we turn to the merits of Tulsiram's appeal.

Rule 11(b)(1)(K) of the Federal Rules of Criminal Procedure requires a district court, before accepting a plea of guilty, to "inform the defendant of, and determine that the defendant understands . . . the court's authority to order restitution." Tulsiram argues that the District Court violated that rule by failing to inform him that the offenses to which he was pleading guilty required the imposition of restitution, and that we must therefore vacate his plea.

Because Tulsiram did not raise this objection below, our review is for plain error.[9] *See* Fed. R. Crim. P. 52(b); *United States v. Vonn*, 535 U.S. 55, 59 (2002). He therefore bears the burden of establishing that

---

expressed concern about making a defendant postpone his appeal "indefinitely" if a district court is tardy in setting restitution. *See Muzio*, 757 F.3d at 1246–48.

[9] Tulsiram insists that plain-error review does not apply in this particular circumstance. Even if we were so persuaded, his claim would fail even under a harmless-error standard.

> (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*United States v. Tarbell*, 728 F.3d 122, 126 (2d Cir. 2013) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)). In the Rule 11 context, the plain-error standard requires a defendant to "establish that the violation affected substantial rights and that there is a reasonable probability that, but for the error, he would not have entered the plea." *Id.* (internal quotation marks omitted).

Here, the first two requirements of the plain-error standard are undisputedly satisfied: the District Court clearly erred in failing to advise Tulsiram regarding restitution during the plea proceeding. Tulsiram has not, however, shown that he would not have pleaded guilty but for that particular Rule 11 violation. Indeed, several considerations persuade us that he was aware of the possibility of restitution before he entered his plea, and that the Rule 11 error did not affect his decision.

First, the *Pimentel* letter warned Tulsiram before he entered his plea that the court was required to order restitution. It seems improbable, then, that the District Court's mentioning restitution

12

again during the plea proceeding would have altered Tulsiram's resolve.

Second, both the *Pimentel* letter and the plea colloquy instructed Tulsiram that he faced a potential fine of $1 million—far more than what he could reasonably have expected to pay in restitution. *Cf. United States v. Vaval*, 404 F.3d 144, 152 (2d Cir. 2005) (collecting cases finding no plain error where a district court failed to advise a defendant regarding restitution but did advise the defendant regarding larger potential fines). The Government and the District Court also informed Tulsiram that the crimes to which he pleaded guilty carried a maximum sentence of ninety years' imprisonment. Finally, the District Court reminded Tulsiram that the indictment contained a forfeiture count. It beggars the imagination to suppose that Tulsiram was willing to face these stiff punishments, but not the mere possibility of paying restitution, by pleading guilty.

Finally, Tulsiram "failed to object when the restitution order was actually imposed." *Id.*; *cf. id.* ("Where a defendant, before sentencing, learns of information erroneously omitted in violation of Rule 11 but fails to attempt to withdraw his plea based on that violation, there can be no reasonable probability that, but for the Rule 11 violation, he would not have entered the plea, and the plain error standard is not met." (alteration and internal quotation marks omitted)).

13

In short, Tulsiram has failed to meet his burden of showing that he would not have entered his plea but for the District Court's Rule 11 error, and his plea must stand.

## CONCLUSION

We have considered all of Tulsiram's arguments on appeal and find them to be without merit. To summarize, we hold as follows:

(1) A judgment of conviction that imposes a sentence including incarceration and restitution, but which leaves the amount of restitution to be determined, is "final" within the meaning of 28 U.S.C. § 1291, and may therefore be appealed; and

(2) Although the District Court violated Rule 11(b)(1)(K) of the Federal Rules of Criminal Procedure by failing to advise Tulsiram during the plea proceeding regarding mandatory restitution, Tulsiram has not shown that there was a reasonable probability that he would not have pleaded guilty but for that violation. Accordingly, the District Court did not commit "plain error," and Tulsiram may not withdraw his plea.

We therefore **AFFIRM** the judgment of the District Court.