15-2188-cr
*United States v. Richards*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of July, two thousand sixteen.

PRESENT:  JOSÉ A. CABRANES,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges*,
          JEFFREY ALKER MEYER,
                    *District Judge.**

---

UNITED STATES OF AMERICA,

   *Appellee*,

   v.         No. 15-2188-cr

IRA RICHARDS, ALSO KNOWN AS IRA RICHARD, ALSO KNOWN AS MR. 95, ALSO KNOWN AS SHYNE, ALSO KNOWN AS SEALED DEFENDANT 1, ALSO KNOWN AS IRA RICHERDS, ALSO KNOWN AS SHYNE JONES,

   *Defendant-Appellant.*

---

**FOR THE UNITED STATES OF AMERICA:**  SAMSON ENZER (Anna M. Skotko, *on the brief*), Assistant United States Attorneys,

---

\* The Honorable Jeffrey Alker Meyer of the United States District Court for the District of Connecticut, sitting by designation.

*for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLANT:**     ALLEGRA GLASHAUSSER, Of Counsel, Appeals Bureau, Federal Defenders of New York, Inc., New York, NY.

Appeal from the June 24, 2015 judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Ira Richards appeals from the District Court's June 24, 2015 judgment of conviction, which followed his guilty plea before a magistrate judge. Richards argues that his plea should be vacated because the magistrate judge failed to warn him that it could result in his deportation from the United States. According to Richards, the magistrate judge's failure to do so violated his rights under Rule 11 of the Federal Rules of Criminal Procedure and the Due Process Clause of the Fifth Amendment.[1] Although we agree that the plea colloquy did not comply with Rule 11, we conclude that Richards cannot show that any error under Rule 11 or the Due Process Clause affected his substantial rights, and we therefore affirm the judgment of the District Court.

"[T]he Supreme Court has held that" where, as here, "a defendant has failed to object in the district court to a violation of Rule 11, reversal is appropriate only where the error is plain and affects the defendant's substantial rights." *United States v. Pattee*, 820 F.3d 496, 503 (2d Cir. 2016) (citing *United States v. Vonn*, 535 U.S. 55, 58–59 (2002)); *see* Def.'s Br. 3 ("[T]his Court should review for plain error."). To satisfy this standard, Richards must "demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *Pattee*, 820 F.3d at 505 (internal quotation marks omitted).

With respect to the third prong, Richards "must show that there is a reasonable probability that, but for the error, he would not have entered the plea. If the misinformation in all likelihood would not have affected [his] decision-making calculus, then the error would be harmless, and the guilty plea need not be vacated." *Id.* (citations and internal quotation marks omitted). Importantly,

---

[1] Rule 11(b)(1)(O) provides that, "[b]efore the court accepts a plea of guilty . . . , [it] must inform the defendant of, and determine that the defendant understands . . . that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future." Fed. R. Crim. P. 11(b)(1)(O).

"[w]here a defendant, before sentencing, learns of information erroneously omitted in violation of Rule 11 but fails to attempt to withdraw his plea based on that violation, there can be no reasonable probability that, but for the Rule 11 violation, he would not have entered the plea, and the plain error standard is not met." *United States v. Tulsiram*, 815 F.3d 114, 120 (2d Cir. 2016) (internal quotation marks omitted).

Richards cannot make the showing required by the third prong here, because he learned of the erroneously omitted information before sentencing but did not seek the withdrawal of his plea on that ground. As the presentence report prepared by the United States Probation Office clearly stated, "Although Richards claims to have derived U.S. citizenship through his father, a U.S. citizen, available immigration records indicate that he is a permanent resident. The records also note that as a result of his conviction in this offense, [he] may face deportation proceedings in the future." PSR ¶ 68; *see id.* at 23 (same). At sentencing, Richards's counsel acknowledged that Richards had read the presentence report. A-72. What is more, Richards's counsel relied on the possibility that Richards might be deported in arguing for a below-Guidelines sentence. As Richards's counsel wrote in his sentencing submission, "No amount of imprisonment above 120 months will meaningfully contribute to true public safety. Indeed, if the probation department is correct, then [Richards] will be deported at the conclusion of his incarceration term." A-62.

Although Richards is unable to show prejudice from the error that occurred in his plea proceedings, it is clear that the type of error in this case may be easily avoided by means of strict adherence to the requirements for guilty plea proceedings that are set forth in Rule 11. As we have recently observed, "compliance with Rule 11 is not a difficult task," and "[t]echnical errors can be avoided if a district or magistrate judge has a standard script for accepting guilty pleas, which covers all of the required information." *Pattee*, 820 F.3d at 503. Because it is possible that a district or magistrate judge may inadvertently omit an advisory that is required under Rule 11, the best practice is for counsel to maintain a checklist or similar tracking procedure in order to detect any shortcoming, and to call any possible deficiency to the attention of the judge at the time of the plea proceeding. *See id.* at 504 (noting that "[p]rosecutors and defense attorneys also have an obligation to make sure that the Rule is followed").

We note as well an additional error that occurred during the course of the sentencing proceeding but that does not furnish a ground for relief in this case, because it was neither raised by Richards on appeal, nor adopted and pressed by his appellate counsel when raised by this Court *sua sponte* at oral argument. The District Court at sentencing asked defense counsel if "you and Mr. Richards had the presentence report for the necessary period and have both read it," to which defense counsel replied, "Yes, sir." A-72. This query was not sufficient. Rule 32 of the Federal Rules of Criminal Procedure requires that a district court "must verify that the defendant and the defendant's attorney have read *and discussed* the presentence report and any addendum to the report." Fed. R. Crim. P. 32(i)(1)(A) (emphasis supplied). Here, the District Court at sentencing did not

3

inquire whether counsel had discussed the presentence report with Richards prior to the sentencing. *See United States v. DeLeon*, 704 F.3d 189, 196 (1st Cir. 2013) (noting "the better practice for trial courts to address the defendant directly in order to establish that he or she has had the opportunity to read the PSR and to discuss it with his/her counsel" (alterations omitted)).

Because Richards cannot show that any error that occurred at his guilty plea or sentencing proceeding affected his substantial rights, he cannot show plain error.[2] And because he cannot show plain error, we affirm.[3]

## CONCLUSION

We have considered all of Richards's arguments on appeal and found them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] We note that the magistrate judge's omission of the information required by Rule 11(b)(1)(O), while undoubtedly erroneous, is perhaps more understandable in this context than it would be in many others. During Richards's plea allocution, the magistrate judge asked him, "Are you a United States citizen?" Richards responded, "Yes." A-28.

[3] Richards's due-process claim fails for the same reason as does his Rule 11 claim—his inability to satisfy the third prong of the plain-error standard. *See* Def.'s Br. 23 ("[T]his Court reviews . . . the due process errors under plain error review.").