15-2769-cr
*United States v. Rodriguez*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand sixteen.

PRESENT:    JOHN M. WALKER, JR.,
            JOSÉ A. CABRANES,
            RAYMOND J. LOHIER, JR.,
                        *Circuit Judges.*

---

UNITED STATES OF AMERICA,

          *Appellee,*                                    15-2769-cr

          v.

EDUAR ARQUETA RODRIGUEZ, ALSO KNOWN AS EDUARDO RODRIGUEZ, ALSO KNOWN AS EDUAR AGUETA,

          *Defendant-Appellant.*

---

**FOR APPELLEE:**                    CHRISTOPHER C. CAFFARONE (Peter A. Norling and Carrie N. Capwell, *on the brief*), Assistant United States Attorneys, *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY.

1

**FOR DEFENDANT-APPELLANT:**     YUANCHUNG LEE, Of Counsel, Federal
Defenders of New York, Inc., Appeals
Bureau, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and is hereby **AFFIRMED**.

Defendant-appellant Eduar Arqueta Rodriguez ("Rodriguez") appeals from the District Court's August 25, 2015 judgment convicting him, pursuant to a guilty plea, of illegal reentry in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). The District Court imposed a fifteen-month term of imprisonment and three years of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Rodriguez raises two arguments on appeal. The first is that the District Court abused its discretion in denying Rodriguez's motion to withdraw his guilty plea prior to his sentencing. Rodriguez had sought to withdraw his plea on the ground that he was misinformed about his sentencing exposure. In his view, his maximum sentencing exposure was two years rather than twenty years because his prior conviction for attempted statutory rape of a minor did not constitute an aggravated felony under Section 1326(b)(2). The government argues both that this claim is without merit and that this Court should decline to consider this challenge pursuant to the appeal-waiver provision of Rodriguez's plea agreement.

We agree with the Government that Rodriguez's appeal of the District Court's denial of his motion to withdraw his guilty plea is barred by the appeal-waiver provision of his plea agreement. "Waivers of the right to appeal a sentence are presumptively enforceable." *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011) (internal quotation marks omitted). We will enforce a waiver of the right to appeal a sentence only "if the record clearly demonstrates that the waiver was both knowing (in the sense that the defendant fully understood the potential consequences of his waiver) and voluntary." *United States v. Coston*, 737 F.3d 235, 237 (2d Cir. 2013) (internal quotation marks omitted). While we will void waivers that "violate certain fundamental rights, other meaningful errors are insufficient to void an appeal waiver." *Id.* (internal quotation marks omitted).

The plea agreement specifically states that Rodriguez agreed "not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 24 months or below," and states that the waiver was "binding without regard to the sentencing analysis used by the Court." Rodriguez received a sentence well under twenty-four months. During the plea colloquy, the District Court repeatedly advised Rodriguez of the consequences of the waiver provision, to which

Rodriguez responded "I understand." Rodriguez further confirmed that he had discussed the waiver of his right to appeal with his attorney. At the most, Rodriguez entered into the agreement based on an error of law, not a violation of his fundamental rights. Accordingly, the plea agreement's appeal-waiver provision is enforceable and Rodriguez's appeal of the District Court's denial of his motion to withdraw his guilty plea is barred.

Rodriguez's second argument on appeal is that his guilty plea was not knowingly and intelligently entered because the District Court, in violation of Fed. R. Crim. P. 11(b)(1), failed to inform Rodriguez of several rights that he would be waiving during the plea colloquy. The Government agrees that this challenge is not waived by the plea agreement, but argues that it is nonetheless unavailing. *See Coston*, 737 F.3d at 237. Although we agree, and the Government concedes, that the plea colloquy did not fully comply with Rule 11, we conclude that Rodriguez cannot show that any error affected his substantial rights, and therefore find his argument to be without merit.

"[T]he Supreme Court has held that" where, as here, "a defendant has failed to object in the district court to a violation of Rule 11, reversal is appropriate only where the error is plain and affects the defendant's substantial rights." *United States v. Pattee*, 820 F.3d 496, 503 (2d Cir. 2016) (citing *United States v. Vonn*, 535 U.S. 55, 58–59 (2002)). To satisfy this standard, Rodriguez must "demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *Id.* at 505 (internal quotation marks omitted). With respect to the third prong, Rodriguez "must show that there is a reasonable probability that, but for the error, he would not have entered the plea. If the misinformation in all likelihood would not have affected [his] decision-making calculus, then the error would be harmless, and the guilty plea need not be vacated." *Id.* (citations and internal quotation marks omitted). Importantly, "[w]here a defendant, before sentencing, learns of information erroneously omitted in violation of Rule 11 but fails to attempt to withdraw his plea based on that violation, there can be no reasonable probability that, but for the Rule 11 violation, he would not have entered the plea, and the plain error standard is not met." *United States v. Tulsiram*, 815 F.3d 114, 120 (2d Cir. 2016) (internal quotation marks omitted).

Rodriguez fails to demonstrate that any of the District Court's Rule 11 errors affected his substantial rights and that there was a reasonable probability that he would not have entered his plea if he had been aware of the rights omitted from the colloquy. The sole basis of Rodriguez's motion to withdraw his guilty plea before sentencing was that he no longer believed that his prior conviction constituted an aggravated felony. He did not seek to withdraw his plea based on any Rule 11 violation arising from the District Court's omissions during the colloquy. Rodriguez offers no other support for his claim that he would not have pleaded guilty had the District Court advised him of the rights he was waiving. Accordingly, the plain error standard is not met.

## CONCLUSION

We have reviewed all of the arguments raised by Rodriguez on appeal and find them to be without merit. We thus **AFFIRM** the August 25, 2015 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk