United States v. Fred Dalicandro

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION A SUMMARY ORDER). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of October, two thousand seventeen.

PRESENT:  DENNIS JACOBS,
          JOSÉ A. CABRANES,
          RAYMOND J. LOHIER, JR.,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
          <u>Appellee</u>,

          -v.-                          **16-261**

FRED DALICANDRO,
          <u>Defendant-Appellant</u>,

1

**RAYMOND TERMINI,**
        **Defendant.**[1]

- - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                          Raymond M. Hassett (Jeffrey O.
                                        McDonald, on the brief), Hasset &
                                        George, P.C., New York, NY.

FOR APPELLEE:                           David J. Sheldon (Sandra S. Glover, on
                                        the brief), Assistant United States
                                        Attorneys, for Deirdre M. Daly,
                                        United States Attorney for the
                                        District of Connecticut, New Haven,
                                        CT.

Appeal from an order of the United States District Court for the District of Connecticut (Underhill, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the sentence of the district court be **AFFIRMED**.

Defendant Fred Dalicandro, who pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343, appeals from a January 15, 2016 restitution order imposing joint and several liability. Dalicandro argues (1) that the District Court lacked authority to issue its restitution order years after the original sentencing, and (2) that the District Court erred in not ordering apportionment between Dalicandro and another participant in the fraudulent scheme to reflect the greater role of defendant Raymond Termini, pursuant to 18 U.S.C. § 3664(h). We

---

1. The Clerk of the Court is respectfully directed to amend the official caption as shown above.

2

assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** The government argues that the appeal waiver contained in Dalicandro's Plea Agreement forecloses review. The plea agreement, signed on November 3, 2009, provides in relevant part that Dalicandro waived appeal or collateral attack if his "sentence does not exceed 33 months, a three year term of supervised release, restitution and a fine . . ." Joint App'x at 16. Assuming that the waiver is unenforceable and that we may reach the merits of Dalicandro's challenge, we affirm the judgment of the District Court.

**2.** Dalicandro challenges the District Court's authority to issue restitution four years after the initial sentencing. He argues that: (1) since the victim's losses were identifiable 10 days prior to sentencing, 18 U.S.C. § 3664(d)(5) is not applicable; (2) the District Court did not make clear prior to the 90-day deadline set by 18 U.S.C. § 3664(d)(5) that restitution would be ordered, and therefore could not order restitution years later; and (3) even if restitution had been properly ordered, he was sufficiently prejudiced by the delay to justify vacating the restitution order.

"Federal courts have no inherent power to order restitution. Such authority must be conferred by Congress." United States v. Helmsley, 941 F.2d 71, 101 (2d Cir. 1991). At issue here is the Mandatory Victim Restoration Act ("MVRA"), 18 U.S.C. §§ 3663A, 3664, which mandates that the sentencing court "shall order, in addition to . . . any other penalty authorized by law," defendants convicted of certain enumerated offenses to "make restitution to the victim of the offense." United States v. Gushlak, 728 F.3d 184, 190 (2d Cir. 2013) (quoting 18 U.S.C. §§ 3663A(a)(1)). One such offense is wire fraud. 18 U.S.C. § 1343.

As to timing of restitution orders under the MVRA: when the victim's losses/amount of restitution is not ascertainable ten days prior to sentencing, the district court "shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." 18 U.S.C. § 3664(d)(5). If the amount is ascertainable prior to ten days before sentencing, then "when sentencing a

3

defendant . . . the court shall order . . . that the defendant make restitution to the victim of the offense"; e.g., the restitution shall be ordered at the sentencing. 18 U.S.C. § 3663A(a)(1). The restitution ordered will not take into account "the economic circumstances of the defendant," and "[i]f the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." 18 U.S.C. § 3664(f)(1), (h).

"We generally review a district court's order of restitution for abuse of discretion, reversing its ruling only if it rests on an error of law, a clearly erroneous finding of fact, or otherwise cannot be located within the range of permissible decisions." United States v. Rivernider, 828 F.3d 91, 114–15 (2d Cir.), cert. denied sub nom. Ponte v. United States, 137 S. Ct. 456 (2016) (internal citation and quotation marks omitted). "When a defendant's challenge to a restitution order raises an issue of law, we review that challenge de novo." Id. at 115 (internal citation omitted); see also United States v. Vilar, 729 F.3d 62, 96 (2d Cir. 2013); United States v. Boccagna, 450 F.3d 107, 113 (2d Cir. 2006). However, if no objection to the restitution order is raised in the district court, we review only for plain error. Rivernider, 828 F.3d at 115. Under the plain error standard, the defendant bears the burden to prove that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Tulsiram, 815 F.3d 114, 119–20 (2d Cir. 2016).

Dalicandro points out that the presentence report stated that "[r]estitution in the amount of $956,090 is owed to Omega Healthcare Investors" (the victim), and that the court could thus ascertain the restitution amount prior to sentencing. Dalicandro br. at 16-17. Accordingly, he argues, the court was required to enter the restitution order at sentencing, and lacked authority under § 3664(d)(5) to do so at a later time.

4

Dalicandro's argument lacks merit.  The judge recited at the outset of the sentencing hearing that Dalicandro "faces a restitution order in this case, and again, the amount being sought is $956,090."  Joint App'x at 27.  But Dalicandro's counsel responded that further time was needed:

> I would accept the court's gracious offer to submit a brief [on restitution] and request a hearing because I sat in the back and watched part of [Termini's] restitution hearing and frankly I don't believe that all the information that is necessary for the court to consider whether, consider whether, in fact, Omega is truly a victim, first of all, for restitution has been presented to the court and I would offer evidence. But I would agree with Your Honor a subsequent proceeding may be the appropriate vehicle to allow the court to at least hear my position and Mr. Dalicandro's position.

Id. at 38.  Dalicandro subsequently filed briefs arguing that Omega's loss was less than the amount calculated in the PSR. This colloquy reflects that the restitution amount was not fully ascertainable ten days prior to sentencing.  True, the court eventually rejected Dalicandro's arguments as to amount, and ended up ordering restitution in the amount stated in the presentence report.  But that does not mean that the amount due was known ten days prior to sentencing; it means only that the court did not accept Dalicandro's (or Termini's) arguments that the proper amount of restitution was less than $956,090.

Dalicandro's contention that the District Court did not make clear, at the sentencing hearing, that it would order restitution is contradicted by the record. Judge Underhill stated: Dalicandro "faces a restitution order in this case"; "I believe restitution is mandatory and the question is the amount of restitution"; "And I'm going to order restitution. The amount of that restitution could be quite significant. That will be decided soon." Id. at 27, 37, 64.  At the conclusion of the sentencing hearing, the Court set a briefing schedule and hearing regarding restitution. Id. at 66-68.

Dalicandro cites the 90-day limit on imposing restitution set out in § 3664(d)(5), and argues the restitution order, issued more than five years after

sentencing, is illegal. The authority of a sentencing court to order restitution after the 90-day deadline was addressed in United States v. Dolan, 560 U.S. 605 (2010). Dalicandro argues that Dolan is distinguishable because the victim's losses in that case were not ascertainable at the time of sentencing; but Dalicandro himself challenged the amount at the sentencing, and the court indulged the objection.

As noted above, if the amount of mandatory restitution due under the MVRA is not known ten days prior to sentencing, 18 U.S.C. § 3664(d)(5) mandates that the district court "shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." However, under Dolan and our own precedent, United States v. Gushlak, 728 F.3d 184 (2d Cir. 2013), a sentencing court maintains its authority to impose restitution outside of the 90-day window in § 3664(d)(5). The MVRA restitution order in Dolan was issued three months after the 90-day deadline had expired. The Supreme Court held that a sentencing court that misses the 90–day deadline nonetheless retains the power to order restitution, at least if (as here) the sentencing court made clear prior to the deadline's expiration that restitution would be ordered, leaving open (for more than 90 days) only the amount. Dolan, 560 U.S. at 611. The Supreme Court cited six reasons for this conclusion:

- "[W]here, as here, a statute 'does not specify a consequence for noncompliance with' its 'timing provisions,' 'federal courts will not in the ordinary course impose their own coercive sanction.'" Id. (internal citations omitted).

- "[T]he statute's text places primary weight upon, and emphasizes the importance of, imposing restitution upon those convicted of certain federal crimes." Id. at 612.

- "[T]he Act's procedural provisions reinforce this substantive purpose, namely, that the statute seeks primarily to ensure that victims of a crime receive full restitution." Id.

- "[T]o read the statute as depriving the sentencing court of the power to order restitution would harm those—the victims of crime—who

6

likely bear no responsibility for the deadline's being missed and whom the statute also seeks to benefit." Id. at 613-14.

- "[The Supreme Court has] previously interpreted similar statutes similarly." Id. at 614.

- "[T]he defendant normally can mitigate any harm that a missed deadline might cause—at least if, as here, he obtains the relevant information regarding the restitution amount before the 90–day deadline expires. A defendant who fears the deadline will be (or just has been) missed can simply tell the court, which will then likely set a timely hearing or take other statutorily required action." Id. at 615-16.

See also Gushlak, 728 F.3d at 191-92 (applying Dolan and upholding an award of restitution outside of the 90-day window). Dalicandro waited longer than the defendants in Dolan and Gushlak; but the considerations cited in those cases apply nevertheless in full measure.

Dalicandro further argues that the years intervening between the sentencing and the restitution order prejudiced him in three ways: (i) the sentencing judge forgot the circumstances of the fraud, which led to a harsher restitution order than would have been imposed in late 2010; (ii) his improved financial circumstances will now force him to pay more in restitution, while Termini's ability to pay restitution has decreased; and (iii) the delay in restitution left him unable to plan for his future.

Since Dalicandro did not raise prejudice in the district court, Joint App'x at 101-2, we review his assertion of prejudice for plain error. See Rivernider, 828 F.3d at 116. None of Dalicandro's arguments show plain error in the district court's decision.

Judge Underhill had the benefit of the full record in 2016, and Dalicandro adduces no evidence that the judge failed to ascertain the relevant circumstances as well as he could five years prior. The court at sentencing did find Dalicandro less culpable than Termini; but those remarks were made in the context of prison

7

terms (Termini served a sentence of imprisonment while Dalicandro did not), while the Court made clear that the amount Dalicandro may have to pay in restitution "could be quite significant." Joint App'x at 64.

There is no indication that the district court even considered Dalicandro's or Termini's financial circumstances when it ordered that the full restitution amount be paid by each defendant. <u>See</u> Joint App'x at 112-4. Under 18 U.S.C. § 3664(h), "the court may make each defendant liable for payment of the full amount of restitution *or* may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." <u>Id</u>. (emphasis added). Opting for the former, the district court did not discuss either Dalicandro's or Termini's "economic circumstances" when it made "each defendant liable for payment of the full amount," nor was it under any obligation to do so. <u>Id</u>. In any event, the five-year delay improved Dalicandro's ability to pay restitution. Dalicandro claims at sentencing that his gross monthly cash salary was only $6,300, whereas now it is $8,323.47. Ten percent of $8,323.47 is more than ten percent of $6,300, but arguably less of a hardship.

As to Dalicandro's contention that he was unable to plan effectively for the future, Dalicandro knew during the period of delay that he owed mandatory restitution. Moreoever, the identified expenses, such as college tuition and a car lease, are not particularly unusual or remarkable. In short, his arguments about planning, raised for the first time on appeal, do not satisfy the plain error standard.[2]

---

[2]. Dalicandro's brief asserts in one sentence that ordering restitution five and a half years after his initial sentencing violated due process. Dalicandro did not argue this to the District Court, and under plain error review, Dalicandro cannot show any prejudice caused by the delay. "Even substantial delays in sentencing do not in all circumstances amount to a due process violation, especially when a defendant has not requested timely sentencing and is unable to establish prejudice of the sort implicated here." <u>United States v. Ray</u>, 578 F.3d 184, 202 (2d Cir. 2009).

**3.** Dalicandro argues that the district court abused its discretion in not assigning a greater share of the mandatory restitution to Termini, and instead found each defendant jointly and severally liable. The District Court laid out each defendant's role in the fraud and found they were both "integral to the fraud." Joint App'x at 114. The District Court considered Dalicandro's role in meeting with representatives from Omega, and in submitting false invoices to Omega. Id. These reasons are enough to support the District Court's discretionary finding that both defendants are jointly and severally liable.

Accordingly, the sentence of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK