15-2671-cr
*United States v. Hollingshed*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand sixteen.

PRESENT:
>PETER W. HALL,
>GERARD E. LYNCH,
>DENNY CHIN,
>>*Circuit Judges.*

---

UNITED STATES OF AMERICA,

>*Appellee,*

>v.                                                                                        No. 15-2671-cr

FREDERICK HOLLINGSHED, AKA FRANKLIN HOLLINGSHED,

>*Defendant-Appellant.*

---

For Appellee:                                    PAUL D. SILVER, Assistant United States Attorney (Sean K. O'Dowd, Assistant United States Attorney, Of Counsel), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, New York.

1

For Defendant-Appellant: RANDOLPH Z. VOLKELL, Merrick, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Frederick Hollingshed pleaded guilty to wire fraud, in violation of 18 U.S.C. § 1343, possession with intent to use and transfer five or more identification documents unlawfully, in violation of 18 U.S.C. § 1028(a)(3) and (b)(2), and misuse of a social security number, in violation 42 U.S.C. § 408(a)(7)(B). On appeal, he argues that the district court's failure to adhere to the requirements set forth in Federal Rule of Criminal Procedure 11 constituted plain error requiring his judgment of conviction to be vacated. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We have adopted "a standard of strict adherence to Rule 11." *United States v. Rodriguez,* 725 F.3d 271, 277 n.3 (2d Cir. 2013) (internal quotation marks omitted). In the absence of an objection, however, deviations from Rule 11 are reviewed for plain error. *United States v. Pattee*, No. 14-2163-CR, 2016 WL 1594572, at *5 (2d Cir. Apr. 21, 2016). Plain error review permits relief only where (1) there is "error," (2) the error "is plain," (3) the error "affect[s] substantial rights," and (4) the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Groysman,* 766 F.3d 147, 155 (2d Cir. 2014) (quoting *Johnson v. United States,* 520 U.S. 461, 466-67 (1997)). "In order to establish that a Rule 11 violation affected 'substantial rights,' the defendant must show that there is a reasonable probability that, but for the error, he would not have entered the plea." *Pattee*, 2016

2

WL 1594572 at *7 (internal quotation marks omitted). We consider plain error "[i]n the context of the entire record." *Id*. at *8.

Hollingshed did not object to the district court's failure to comply with Rule 11. We therefore review for plain error. We find none, and conclude for the reasons below that Hollingshed has not shown that any individual Rule 11 violation or combination thereof affected his "substantial rights."

Hollingshed identifies several instances that he claims vary from the Rule 11 requirements. First, he asserts that the court did not inform him that he had "the right to plead not guilty," as required by Rule 11(b)(1)(B). He is correct that the court's articulation of this right did not track the rule's language, but the court did explain that it was Hollingshed's "free choice to plead guilty," A. 24-25, and that he could proceed to trial, A. 26, 31. Second, Hollingshed accurately identifies the court's failure to mention that he was entitled to counsel at every stage of the proceedings and that counsel would be appointed if he could not afford an attorney, as required by Rule 11(b)(1)(D). Hollingshed, however, was represented by a public defender at his plea colloquoy, and the court also explained the role that defense counsel would play at a jury trial. Viewed in the context of the entire record, the court's failure to comply strictly with these aspects of Rule 11 did not affect his substantial rights. *See Pattee*, 2016 WL 1594572 at *7-10.

Third, Hollingshed correctly observes that the district court failed to explain at the plea allocution that it was required to consider the Sentencing Guidelines and the 18 U.S.C. § 3553(a) factors before imposing a sentence. After pleading guilty, however, Hollingshed was informed of his Guidelines range and the § 3553(a) factors. For example, he received a copy of the pre-sentence report ("PSR")—which included the Guidelines calculation—and he objected to his

3

Guidelines calculation on two occasions. In response to Hollingshed's objections, the Government further discussed the relevant Guidelines and referenced § 3553(a). The court also explained at sentencing how it had calculated the applicable Guidelines range and informed Hollingshed at sentencing that it had considered the § 3553(a) factors.[1] Because he did not attempt to withdraw his guilty plea upon learning of the relevant Guidelines calculation and the § 3553(a) factors, Hollingshed cannot show plain error. *See United States v. Vaval*, 404 F.3d 144, 152 (2d Cir. 2005) (holding that "[w]here a defendant, before sentencing, learns of information erroneously omitted in violation of Rule 11 but fails to attempt to withdraw his plea based on that violation, there can be no reasonable probability that, but for the [Rule 11 violation], he would not have entered the plea, and the plain error standard is not met" (internal quotation marks omitted)); *see also United States v. Westcott,* 159 F.3d 107, 112-13 (2d Cir. 1998) (holding district court's incorrect statement of maximum penalty at time of guilty plea had no effect on defendant's decision to plead guilty because defendant did not ask to withdraw his plea once he learned that lower maximum applied).

Fourth, Hollingshed asserts that the court did not ensure that he understood the charges set forth in the indictment and the evidence that would be offered against him at a trial. Hollingshed is presumably referencing Rule 11(b)(1)(G), which requires a court to inform the defendant and confirm his understanding of "the nature of each charge to which [he] is pleading." While the court did not describe the charges or the inculpatory evidence that would be offered at trial, the court did confirm that Hollingshed had read the Government's offer of

---

[1]   We also note that, although the court did not specifically refer to the § 3553(a) factors at the allocution, it explained that it would impose a sentence "consistent with any restrictions that Congress places on [the court]," and consider the PSR, any written submission from the parties, and anything the parties wished to say at sentencing. A. 28-29.

proof. As the district court explained, the offer of proof "recited the various penalties that pertain to … [the] counts of the indictment." A. 29-30. The court clarified that "there [were] eight counts of wire fraud," one count '[w]ith respect to the identification documents," and one count "dealing with the misuse of a Social Security Number." A. 29-30. Although the court did not identify the elements of each offense or the evidence that would be offered against Hollingshed, the offer of proof described both.

Hollingshed asserts that the district court "did not conduct any factual inquiry during the plea proceeding, or even ask [him] a single question about the underlying facts of the offense." Appellant's Br. at 8. Under Rule 11(b)(3), "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Rule 11(b)(3) "requires the district court to 'assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty.'" *Pattee*, 2016 WL 1594572, at *11 (quoting *United States v. Maher,* 108 F.3d 1513, 1524 (2d Cir. 1997)). Here, the factual basis for each offense was set forth in the Government's offer of proof. This was by no means a model plea colloquy. The better practice would be to repeat (or have the prosecutor repeat) the elements of the offense orally, confirm that the defendant understands them, and ask the defendant to state in his own words what he did that makes him believe that he is guilty. But the failure to do so does not constitute plain error on the facts of this case, because the "court can rely on the defendant's admissions and any other evidence placed on the record at the time of the plea, including evidence obtained by inquiry of either the defendant or the prosecutor." *United States v. Robinson*, 799 F.3d 196, 199-200 (2d Cir. 2015). As described above, Hollingshed confirmed that he read the offer of proof and agreed with (and admitted) the facts contained therein. Hollingshed's admission to these detailed facts, coupled with the uncomplicated nature

5

of the charge, provided a sufficient factual basis for his plea. *Cf. United States v. Garcia,* 587 F.3d 509, 518 (2d Cir. 2009) (observing that "a reading of the indictment to the defendant coupled with his admission of the acts described in it may provide a sufficient factual basis for a guilty plea where the charge is uncomplicated, the indictment detailed and specific, and the admission unequivocal" (internal quotation marks omitted)).[2]

We add that Hollingshed does not aver that but for the alleged errors he would *not* have pleaded guilty. Though he alludes to a desire to replead (or to reconsider whether to plead guilty), his vague statements in this regard fall short of showing "that there is a reasonable probability that, but for the error, he would not have entered the plea." *Pattee*, 2016 WL 1594572, at *7 (internal quotation marks omitted).

We have considered all of Hollingshed's arguments and conclude that they are without merit. We therefore **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Hollingshed does not argue that the facts alleged in the offer of proof are an inadequate factual basis for his convictions.

6