16-754-cr
United States v. Harper

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand eighteen.

PRESENT: ROBERT D. SACK,
REENA RAGGI,

*Circuit Judges*,

LEWIS A. KAPLAN,

*District Judge.**

-----------------------------------------------------------------------
UNITED STATES OF AMERICA,

*Appellee*,

v.                                                       No. 16-754-cr

KENNETH HARPER, AKA FRENCHY, AKA PUDGE,

*Defendant-Appellant*.
-----------------------------------------------------------------------
APPEARING FOR APPELLANT:        PETER J. TOMAO, Law Office of Peter J. Tomao, Garden City, New York.

APPEARING FOR APPELLEE:         MARY C. BAUMGARTEN, Assistant United States Attorney (Monica J. Richards, Assistant United States Attorney, *on the brief*), *for* James P. Kennedy, Jr., United States Attorney for the

---

* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

Western District of New York, Rochester, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Frank P. Geraci, Jr., *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 8, 2016, is AFFIRMED.

Defendant Kenneth Harper, who stands convicted for conspiracy to traffic in cocaine base, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, 851, and for possession of firearms in furtherance of that drug crime, *see* 18 U.S.C. § 924(c)(1)(A), (2), challenges the guilty plea on which his conviction is based. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Harper contends that his plea was not knowing and voluntary because it did not comport with Fed. R. Crim. P. 11, a challenge outside the scope of an appellate waiver. *See, e.g.*, *United States v. Roque*, 421 F.3d 118, 121 (2d Cir. 2005) (stating that plea agreement's waiver of appeal rights "does not . . . act as a waiver against an appeal on the basis that the plea itself, including the waiver, was not intelligent or voluntary"). Where, as here, a defendant did not raise a Rule 11 challenge in the district court, we review only for plain error. *See United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006); *see generally United States v. Marcus*, 560 U.S. 258, 262 (2010) (stating that plain error is (1) error, (2) that is clear or obvious, (3) affecting "substantial rights," and (4) seriously impugning "fairness, integrity, or public reputation of judicial proceedings"

2

(internal quotation marks omitted)). A defendant's substantial rights are affected where there exists a "reasonable probability that, but for the error, he would not have entered the plea." *United States v. Rodriguez*, 725 F.3d 271, 276 (2d Cir. 2013) (internal quotation marks omitted).[1] This plea colloquy was far from a model effort to comply with Rule 11. And this is not the first time we have made a similar observation. *See, e.g.*, *United States v. Gonzalez*, 884 F.3d 457 (2d Cir. 2018) (same district judge); *United States v. Pattee*, 820 F.3d 496 (2d Cir. 2016) (same district judge). We affirm nonetheless because Harper has failed to demonstrate that to the extent errors were made, they were plain.

## 1.     Rule 11(b)(3) Challenge

Harper contends that his guilty plea to the firearms possession count lacked the "factual basis" required by Fed. R. Crim. P. 11(b)(3). Such a basis can be established by the defendant's own representations or by those of government or defense counsel to which the defendant acquiesces. *See United States v. Culbertson*, 670 F.3d at 190.

At Harper's plea allocution, he did not state in his own words the factual basis for the firearms count. Nor did the government proffer a factual basis. Rather, the district court read the counts as charged in the indictment, explained each element, and, after

---

[1] Harper argues that "[b]y asserting actual innocence" before the district court, he raised a blanket Rule 11 objection such that only harmless, not plain, error applies. Appellant Br. 33. Harper provides no legal support for this claim, and we find no innocence assertion in this case to constitute an objection to the specific Rule 11 errors urged here. Thus, we review for plain error. *See United States v. Pattee*, 820 F.3d 496, 503 (2d Cir. 2016) ("[T]he Supreme Court has held that when a defendant has failed to object in the district court to a violation of Rule 11, reversal is appropriate only where the error is plain and affects the defendant's substantial rights." (citing *United States v. Vonn*, 535 U.S. 55, 58–59 (2002)).

confirming Harper's understanding of both, discussed with Harper what the Government alleged was his specific involvement in the charged crimes. The court then asked whether it was correct "[t]hat between in or about February 9th, 2015, in the City of Rochester, [Harper] did knowingly and unlawfully possess firearms," to which Harper responded "yes." App'x 114.

This last exchange belies Harper's assertion that he only acknowledged the government's allegations, without admitting his own culpable conduct. Thus, even if the "better practice" would have been to have Harper "state in his own words what he did that makes him believe that he is guilty," *United States v. Hollingshed*, 651 F. App'x 68, 71 (2d Cir. 2016) (summary order), the totality of the exchange between Harper and the district court was sufficient for the latter to "assure itself . . . that the conduct to which the defendant admit[ted] [was] in fact an offense under the statutory provision under which he is pleading guilty," *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997). That conclusion is only reinforced by Harper's plea agreement, which he signed at the plea proceedings after acknowledging its contents, wherein he expressly admitted that he "did knowingly and unlawfully possess firearms." App'x 95. Thus, insofar as Harper now maintains that he did not possess a weapon, the assertion is defeated by the totality of the record at his guilty plea.

No different conclusion is warranted by the letter Harper wrote to a co-conspirator stating that "we never showed each other a gun." Confidential App'x 3. First, the letter predates Harper's sworn admission to firearms possession. Further, in the letter, Harper acknowledges discussing a gun with others in the conspiracy; references a gun

4

that his wife obtained; and, recognizing the significant sentence he faced on the firearms charge, discusses ways that conspirators—including Harper—could challenge knowledge of a gun's presence at the conspirators' headquarters.[2]   Thus, even if the letter by itself does not prove Harper's guilty possession of the charged firearm, it does not support his claim of innocence.

As to Harper's disavowal of firearms possession in a *pro se* letter to the district court approximately three months after his guilty plea and prior to sentencing, this unsworn statement does not defeat the "strong presumption" of veracity that the law accords Harper's admission of possession under oath at his guilty plea.   *United States v. Juncal*, 245 F.3d 166, 171 (2d Cir. 2001).   Moreover, the Presentence Investigation Report ("PSR"), to which Harper did not object at sentencing, detailed officers' recovery of a firearm at an address from which Harper was seen entering and exiting, and wherein officers found his wallet and passport.   The PSR also reported that, in an interview with a probation officer, Harper "admitted involvement in the offense," which included possession of firearms as well as drug trafficking.   PSR ¶ 47.   Finally, Harper did not disavow firearms possession at the sentencing hearing.   Rather, when the district court asked Harper whether he wanted to say anything, Harper responded, "I did what I did." App'x 140.

Under these circumstances, we conclude that the record demonstrates a sufficient factual basis for Harper's guilty plea to firearms possession to preclude any finding of plain Rule 11(b)(3) error.   *See United States v. Maher*, 108 F.3d at 1529.

---

[2]  The district court concluded that this letter amounted to an obstruction of justice.

5

## 2. Rule 11(b)(2) Challenge

Harper argues that his guilty plea was not "voluntary" because the court failed to find that the plea did not result from "force, threats, or promises" other than promises in the plea agreement. Fed. R. Civ. P. 11(b)(2). The argument fails because, at the plea colloquy, the district court asked Harper whether anyone had forced, coerced, or threatened him into pleading guilty, to which Harper replied, "No sir." App'x 107. Further, in the plea agreement signed by Harper before the district court, he stated that "[n]o promises or representations" were made to him other than those in the plea agreement. *Id.* at 102–03. The presumption of veracity attaching to Harper's sworn denials of threats and coercion is not overcome by his subsequent unsworn *pro se* assertion of prosecutorial threats as to sentence. *See United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997) ("Considering that statements at a plea allocution carry a strong presumption of veracity, and that his unequivocal admissions under oath contradict his unsupported assertions of pressure, the district court did not abuse its discretion in denying [defendant's] motion." (citations omitted)).

To the extent Harper argues that his plea was not "knowing" because the district court failed to "outlin[e] the elements of the offense or ask[] either party to summarize the facts," Appellant Br. 37, we have already rejected this contention in addressing Harper's Rule 11(b)(3) challenge, *see supra* at pp. 3–5.

## 3. Rule 11(b)(1) Deficiencies

Harper asserts—and the government concedes—that the district court erred in failing to advise him *in haec verba* of his rights to a jury trial, against compelled

self-incrimination, to testify and present evidence, and to compel the attendance of witnesses at trial, *see* Fed. R. Crim. P. 11(b)(1)(C), (E), rights to which "a court is required to advise a defendant before accepting a guilty plea," *United States v. Pattee*, 820 F.3d at 502. To ensure against such omissions, we have urged district courts to employ "a standard script for accepting guilty pleas, which covers all of the required [Rule 11] information." *Id.* at 503. Thus, we find it "disturbing" that the district court here failed to employ such a mechanism to ensure that Rule 11's "minimal procedures" were followed. *Id*. at 504.[3]

Nonetheless, we identify no plain error because Harper, who bears the burden, has not shown that, had the district court informed him of these rights, he would not have pleaded guilty. *See United States v. Rodriguez*, 725 F.3d at 276. Indeed, Harper's arguments to the contrary are foreclosed by our opinion in *United States v. Pattee*,

---

[3] That concern is heightened here by the court's failure explicitly to inform Harper of his right to plead not guilty, *see* Fed. R. Crim. P. 11(b)(1)(B); to have counsel appointed if indigent, *see id.* 11(b)(1)(D); of possible forfeiture and restitution obligations, *see id.* 11(b)(1)(J), (K); of the court's obligation to consider the Sentencing Guidelines range and the sentencing factors identified by 18 U.S.C. § 3553(a), *see id.* 11(b)(1)(M); and possible immigration consequences of conviction, *see id.* 11(b)(1)(O). Harper does not urge error regarding these omissions, and such a challenge would, in any event, fail under plain error review in the circumstances of this case. *See United States v. Pattee*, 820 F.3d at 506–07 (identifying no error in failure to advise defendant of rights to appointed counsel and to plead not guilty where record reflects defendant's awareness of rights by prior discussion with court and entry of not guilty plea); *United States v. Tulsiram*, 815 F.3d 114, 120 (2d Cir. 2016) (identifying no plain error where defendant was advised of larger potential fines than any expected restitution because "[i]t beggars the imagination to suppose that [defendant] was willing to face these stiff punishments" but not other, smaller, ones); *cf. United States v. Gonzales*, 884 F.3d 457 (2d Cir. 2018) (vacating and remanding where district court failed to inform *non-citizen* defendant of immigration consequences of plea). Nonetheless, such omissions should be avoided, which is easily accomplished through use of a script.

wherein we upheld a guilty plea despite most of the same deficiencies present in this case. *See* 820 F.3d at 502 (setting forth district court's omission, *inter alia*, of rights to jury trial, to be protected from compelled self-incrimination, and to compel attendance of witnesses). As there, Harper "makes little effort to argue that the . . . omissions affected his decision to plead guilty." *Id.* at 506. The record shows that Harper was informed of his rights to proceed to trial, to have his attorney cross-examine witnesses, and to have the government prove its case against him beyond a reasonable doubt. Further, he was advised that the result of a guilty plea is the same as a finding of guilty. Harper "does not pretend that he was unaware that the trial to which he had a right would be by jury, nor does he argue that he would have gone to trial had he been told of his right to remain silent at trial (a right closely related to the government's burden of proof, of which he was expressly advised)." *Id.* at 507. Insofar as Harper urges that he could reasonably have believed that other people had information regarding whether weapons were used in connection with this drug trafficking offense, or that a jury could have found him innocent, *see* Appellant Br. 38, he "does not contend that he would not have pled guilty had these rights [to compel witnesses and to be tried by a jury] been explained to him, which . . . is the touchstone for deciding whether the failure to comply with [Rule 11] affected substantial rights," *United States v. Pattee*, 820 F.3d at 507. Thus, as in *Pattee*, there is "no basis" in the record "for concluding that [Harper's] decision to plead guilty was the result of [the cited Rule 11] omissions, whether taken singly or together." *Id.*

Indeed, the government argues that this conclusion finds further support in the fact that Harper had been informed of his Rule 11 rights to a jury trial, against

8

self-incrimination, and to compel evidence in his defense in February 2006, when he entered a guilty plea to an earlier firearms possession charge. Harper moves to strike this record of earlier proceedings, but a court may take judicial notice of facts "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *cf. Parke v. Raley*, 506 U.S. 20, 37 (1992) ("We have previously treated evidence of a defendant's prior experience with the criminal justice system as relevant to the question whether he knowingly waived his constitutional rights."). We do not pursue the point because, even without consideration of Harper's prior guilty plea, we conclude that the Rule 11 omissions here, viewed in the context of the entire record in this case, did not affect Harper's substantial rights or so impugn the fairness and integrity of judicial proceedings as to manifest plain error.[4]

### 4. Guilty Plea Withdrawal

Harper argues that the district court should have construed his *pro se* letter as a motion to withdraw his guilty plea, despite his failure to request such relief. The argument fails because the district court would have acted well within its discretion in denying any such motion.[5] *See United States v. Gonzalez*, 420 F.3d 111, 120 (2d Cir. 2005) (applying abuse of discretion review to district court's denial of motion to withdraw guilty plea); *United States v. Smith*, 407 F.2d 33, 35 (2d Cir. 1969) ("[A]lthough appellant fails to set forth any facts upon which the within petition could be

---

[4] Accordingly, we dismiss Harper's motion to strike this information as moot.

[5] In light of this conclusion, we need not address the government's argument that the district court was under "no obligation" to construe the *pro se* letter as a motion to withdraw in the absence of a formal motion from Harper's counsel. Appellee Br. 23.

construed as a motion to withdraw a guilty plea pursuant to Rule 32(d) of the Federal Rules of Criminal Procedure, a mere allegation of innocence is not sufficient to warrant the granting of such an application, and the district court would have acted well within its discretionary power in denying the application." (internal citations omitted)).

A defendant may withdraw a plea of guilty before sentencing "if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In applying this standard, a district court properly considers "(1) the amount of time that has elapsed between the plea and the motion; (2) whether the defendant has asserted a claim of legal innocence; and (3) whether the government would be prejudiced by a withdrawal of the plea." *See United States v. Doe*, 537 F.3d 204, 210 (2d Cir. 2008).

Here, Harper waited three months before sending his *pro se* letter claiming that he "never possessed" a firearm. App'x 134. For reasons already discussed, the assertion is unsupported by evidence sufficient to overcome Harper's earlier sworn admission of guilt. *See United States v. Hirsch*, 239 F.3d 221, 225 (2d Cir. 2001) (holding that claim of innocence "must be supported by evidence," and "defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea"). Nor is Harper's dissatisfaction with the possible sentencing consequences of his guilty plea, as expressed in the *pro se* letter, a sufficient ground for withdrawal. *See United States v. Schmidt*, 373 F.3d 100, 102 (2d Cir. 2004) ("[R]eevaluation of either the Government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea." (internal quotation marks omitted)).

10

Insofar as Harper claims that his counsel's ineffective representation supports withdrawal of his guilty plea, *see generally United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005) (recognizing that ineffective assistance can support plea withdrawal if it undermined voluntary and intelligent nature of defendant's decision to plead guilty), the argument lacks support in the record before us because Harper stated under oath at the time he pleaded guilty that he was satisfied with trial counsel's representation, *see United States v. Juncal*, 245 F.3d at 171. To the extent Harper thinks that extra-record evidence can demonstrate that his guilty plea is a product of ineffective assistance, that claim is more appropriately raised on collateral review. *See United States v. Doe*, 365 F.3d 150, 152 (2d Cir. 2004).

We have considered Harper's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11